635 So.2d 786 (1994)
Lisa MORGAN
v.
Mitzi SANCHEZ; ANA Insurance Group; VASA North Atlantic Insurance Company.
No. 94 CW 0090.
Court of Appeal of Louisiana, First Circuit.
April 15, 1994.
Robert A. Liptak, Walker, for plaintiff/respondent.
Henry G. Terhoeve, Baton Rouge, for defendant/relator.
Before WATKINS, SHORTESS and FOGG, JJ.
In the present case, Lisa Morgan filed suit against Mitzi Sanchez for damages she sustained in an automobile accident. In addition, Morgan sued her uninsured motorist (UM) carrier, VASA North Atlantic Insurance *787 Company, because Sanchez's liability insurer had become insolvent. VASA moved for a summary judgment, contending that Morgan had rejected UM coverage. The trial court denied the summary judgment, and VASA has filed this writ application.
According to the facts, Morgan secured 10/20 basic coverage with VASA. The form that Morgan signed regarding UM coverage gave her the option of selecting 10/20 UM coverage or of rejecting UM coverage entirely. Morgan argues that according to the jurisprudence, the UM rejection form was not effective because it did not offer the option of selecting limits lower than 10/20.
In support of this argument, Morgan cites Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), in which the supreme court wrote that the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than bodily injury limits in the policy; or (3) no UM coverage. In addition, the court stated that a rejection on a form that prohibits the insured from choosing limits below liability coverage or which automatically chooses a certain lower amount for the insured, does not meet the statutory requirements because it forecloses options available to the insured by law.
We find Tugwell inapplicable to the instant case. Initially, we note that pursuant to La.R.S. 22:1406(D)(1)(a)(i) and La.R.S. 32:900(B)(2), the limits of a UM policy may not be less than 10/20. Accordingly, when the insured's bodily injury coverage is 10/20 and, therefore, there is no UM coverage legally available to the insured for limits lower than 10/20, there is no requirement that the insurer either explain the absence of a lower limit or make some meaningless offer of the non-existent lower limit.
WRIT GRANTED. The trial court's ruling of September 8, 1993 hereby is reversed, and judgment is rendered in favor of VASA, granting its motion for summary judgment and dismissing Lisa Morgan's claims against it.