664 So.2d 127 (1995)
Louis BANKS, Emma Sullivan, Individually and on Behalf of Her Minor Children, Jennifer McCaleb and Lawanda Shaw
v.
PATTERSON INSURANCE COMPANY, Larry Fletcher and James L. Ballard.
No. 94 CA 1176.
Court of Appeal of Louisiana, First Circuit.
September 14, 1995.
Rehearing Denied November 15, 1995.
Writ Denied February 16, 1996.
*128 Daniel C. Palmintier, Lafayette, John L. deGeneres, Jr., Baton Rouge, for plaintiffs-appellantsLouis Banks, Emma Sullivan, Individually and on behalf of her minor children, Jennifer McCaleb and Lawanda Shaw.
William J. Cleveland, Slaughter, for defendants-appelleesPatterson Insurance Company.
Before LOTTINGER, C.J., and LeBLANC, GONZALES, PITCHER and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
On February 9, 1994, the trial court granted Louisiana Indemnity Company's cross-motion for summary judgment against Louis Banks, Emma Sullivan, individually and on behalf of her minor children, Jennifer McCaleb and Lawanda Shaw. We reverse and remand.
On October 23, 1992, Emma Sullivan purchased automobile liability insurance from Patterson Insurance Company, d/b/a Louisiana Indemnity Company. The policy provided bodily injury liability coverage: $10,000 per person/$20,000 per accident; property damage liability coverage: $10,000 per accident. On September 15, 1993, appellants, Louis Banks, Emma Sullivan, and her two minor children, Jennifer McCaleb and Lawanda Shaw, were involved in an automobile accident with a Ford pick-up truck. Appellants filed suit against the owner and the operator of the Ford, and appellee as uninsured/ underinsured motorist ("UM") insurer. Louisiana Indemnity Company filed its answer asserting that the policy it issued to Ms. Sullivan did not provide UM insurance. Louis Banks and Emma Sullivan moved for partial summary judgment. They contended that Louisiana Indemnity Company was liable to them for UM insurance coverage. Appellee filed a cross-motion for summary judgment, arguing that the policy it issued to Ms. Sullivan did not provide UM insurance because Ms. Sullivan specifically rejected the same.
After a hearing, the district court denied the summary judgment filed on behalf of Mr. Banks and Ms. Sullivan. The court granted summary judgment in favor of Louisiana Indemnity and dismissed the appellants' suit with prejudice.
Louis Banks and Emma Sullivan have filed this appeal, challenging the propriety of the district court's rulings. They argue that the UM insurance exclusion form used by Louisiana Indemnity Company was legally insufficient; the affidavit of Louisiana Indemnity's agent concerning Ms. Sullivan's intent regarding UM insurance was inadmissible; and, new automobiles added to the policy rendered the initial form ineffective.
Summary judgment should be rendered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).
The issue is whether appellant waived UM coverage. La.R.S. 22:1406, in pertinent part, provides:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, ... for the protection of persons insured thereunder *129 who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, ... however, the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits....
(ii) After September 1, 1987, such rejection or selection of lower limits shall be made only on a form designed by each insurer. The form shall be provided by the insurer and signed by the named insured or his legal representative....
The uninsured motorist statute is to be liberally construed. Statutory exceptions to the coverage requirement are interpreted strictly. Any exclusion from uninsured/underinsured motorist coverage in an insurance policy must be clear and unmistakable. The uninsured motorist statute provides that uninsured/underinsured motorist coverage in an amount equal to the liability limits is automatic unless such coverage is completely rejected or the lower limits are selected. The statute provides the insured with three options: UM coverage equal to bodily injury limits in the policy, UM coverage lower than those limits, or no UM coverage. A rejection on a form that forecloses any of these options does not meet the statutory requirements. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992); Anderson v. Allstate Insurance Co., 93-1102 (La.App. 1st Cir. 4/08/94), 642 So.2d 208, writ denied, 94-2400 (La. 11/29/94), 646 So.2d 404.
The UM rejection form signed by appellant in this case provides:
UNINSURED MOTORISTS COVERAGE REJECTION POLICY HOLDER'S REJECTION OF INSURANCE PROTECTION AGAINST UNINSURED MOTORISTS
The undersigned insured hereby rejects Protection Against Uninsured Motorists as provided in Louisiana Revised Statutes 22:1406 from Policy Number 6L0054270 on Emma Sullivan and subsequent renewals issued by Louisiana Indemnity Co.

This form allowed Ms. Sullivan to reject UM insurance, but did not allow her to accept UM coverage at the liability limits.[1] Louisiana Indemnity's UM rejection form foreclosed informing Ms. Sullivan of an option given by law. In view of this defect, we need not address the question of being sufficiently "informed" of the available options. Uhrich v. National Fire Insurance Co., 569 So.2d 1062 (La.App. 3d Cir.1990), writ denied, 572 So.2d 96 (1991). Therefore Louisiana Indemnity is automatically obligated to appellants for UM coverage under La.R.S. 22:1406 D(1)(a)(i).[2]
For the foregoing reasons, the district court's February 9, 1994, judgment is reversed. The case is remanded for further proceedings consistent with these views. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.
LeBLANC, J., dissents and assigns reasons.
LeBLANC, Judge, dissenting.
The majority concludes the UM rejection form executed by Ms. Sullivan was defective because it did not allow her to accept UM coverage equal to the bodily injury limits provided by the policy. I disagree.
Since the policy at issue provided bodily injury coverage in the minimum amount allowed by law, Ms. Sullivan did not have the option of selecting UM coverage in a lesser amount. Thus, she had only two choices: (1) to accept UM coverage equal to her $10,000.00 bodily injury limits; or (2) to reject UM coverage completely. The disputed form gave her the option of rejecting UM coverage. In order to accept UM coverage *130 equal to her liability limits, Ms. Sullivan was not required to take any action. Such coverage is automatically provided by law in the absence of a written rejection. Accordingly, the form did not foreclose Ms. Sullivan from accepting UM coverage equal to her liability limits. Ordinary common sense would suffice for an insured to understand that if the insured has a right to reject UM coverage, then the insured most certainly would have a right to accept UM coverage. In this case, there is no logical need for the form to state anything more than it does.
For these reasons, I respectfully dissent from the holding that the rejection form was legally defective.
NOTES
[1] When the insured's bodily injury coverage is $10,000 per person/$20,000 per accident, there is no UM coverage legally available to the insured for limits lower than 10/20. Therefore, the insurer need not offer UM coverage at non-existent lower limits. Morgan v. Sanchez, 94-0090 (La.App. 1st Cir. 4/15/94), 635 So.2d 786.
[2] Having found merit in appellants' first assignment of error, we pretermit discussion of appellants' remaining assignments of error.