676 So.2d 650 (1996)
Merril J. DAIGLE
v.
Michael J. AUTHEMENT, National Automotive Insurance Company and Louisiana Indemnity Insurance Company.
No. 95 CA 1465.
Court of Appeal of Louisiana, First Circuit.
May 31, 1996.
*651 Jay J. Luke, Houma, for Defendant-Appellant, La. Indemnity Insurance Company.
Kentley R. Fairchild, Houma, for Plaintiff-Appellee, Merril J. Daigle.
Before CARTER, FOIL, GONZALES, PITCHER and KLINE,[1] JJ.
KLINE, Judge Pro Tem.
The sole issue for review is the validity of the rejection of uninsured/underinsured coverage by plaintiff, Merril J. Daigle ("Daigle"), under his automobile insurance policy written by defendant, Louisiana Indemnity Insurance Company ("Louisiana Indemnity").

FACTS
Merril J. Daigle was involved in an automobile accident with Michael J. Authement ("Authement"). National Automotive Insurance Company ("National") provided liability insurance for Authement. National paid the $10,000 policy limits to Daigle. National and Authement were released and Daigle's claims against them were dismissed.
Daigle's motion for summary judgment against Louisiana Indemnity (his underinsured motorist carrier) was granted. The court ruled that the uninsured/underinsured motorist ("UM") coverage rejection was invalid and that Louisiana Indemnity's policy provided UM coverage with limits of $10,000 per person and $20,000 per accident. Trial on the merits was held and judgment was rendered in favor of Daigle and against Louisiana Indemnity for $10,000 plus interest and court costs. From this judgment, Louisiana Indemnity appeals.[2]

LAW
Uninsured motorist coverage is required under an automobile insurance policy in not less than the limits of bodily injury liability unless the named insured rejects the coverage or selects lower limits. La.R.S. 22:1406(D)(1)(a)(i). The insured is afforded three options regarding UM coverage: 1) UM coverage with limits equal to the policy's bodily injury limits, 2) UM coverage with limits lower than the policy's bodily injury limits, or 3) no UM coverage. Tugwell v. State Farm Insurance Company, 609 So.2d 195, 197 (La.1992); Banks v. Patterson Insurance Company, 94-1176, p. 3 (La.App. 1 Cir. 9/14/95), 664 So.2d 127, writ denied, 95-2951 (La.2/16/96); 667 So.2d 1052.
Louisiana Revised Statute 22:1406 further provides that limits of UM coverage cannot be less than the minimum liability limits required under La.R.S. 32:900, which *652 are $10,000 per person and $20,000 per accident ("10/20"). Accordingly, when the insured's bodily injury coverage is 10/20, there is no UM coverage legally available to the insured for limits lower than 10/20. Consequently, there is no requirement that the insurer either explain the absence of a lower limit or make some meaningless offer of the non-existent lower limit. Morgan v. Sanchez, 94-0090 (La.App. 1 Cir. 4/15/94), 635 So.2d 786, 787.
The rejection or selection of lower limits must be done on a form provided by the insurer and signed by the named insured or a representative.[3] La.R.S. 22:1406(D)(1)(a)(ii). The applicant must be given an opportunity to make a meaningful selection from the options available on the form employed by the insurer. Tugwell v. State Farm Insurance Company, 609 So.2d at 197. The rejection "must be expressed clearly, unambiguously and unmistakably." Henson v. Safeco Insurance Companies, 585 So.2d 534, 538 (La.1991).
The form used in the Louisiana Indemnity policy reads as follows:

UNINSURED MOTORISTS PROTECTIONCOVERAGE SELECTION
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist Coverage unless the insured shall reject such coverage.
I HAVE BEEN OFFERED and I hereby REJECT Uninsured Motorists Bodily Injury Coverage.
SIGNATURE OF APPLICANT
We find that this form meets all requirements for a valid rejection of UM coverage under statute or jurisprudence. As the Louisiana Indemnity policy limits of liability were the minimum required, there was no necessity for the form to provide the option of lower UM limits that was not available. Morgan v. Sanchez, 635 So.2d at 787. Furthermore, the language used was clear, unambiguous, and unmistakable in that the insured was made aware of the two options available and could make a meaningful selection from these two options. McCurtis v. Free, 95-2189 (La.App. 1 Cir. 5/10/96), 673 So.2d 701.
Appellee argues that the form used by Louisiana Indemnity is misleading and invalid because it did not contain a box or blank for acceptance of UM coverage.
A UM form cannot foreclose the selection of available options including the selection of UM coverage. Banks v. Patterson Insurance Company, 664 So.2d at 129. This does not stand, though, for the proposition that all UM forms must contain a box or blank for the acceptance of UM coverage. While the applicant must be given an opportunity to make a meaningful selection from the options available, it is not necessary in all instances that this be accomplished by boxes or blanks.
The form used by Louisiana Indemnity not only made the insured aware of the legal mandate requiring UM coverage in all automobile policies, but also noted that the insured had been offered and rejected UM coverage. The UM rejection form used in the instant matter did not foreclose the option of acceptance of UM coverage. It clearly and unmistakably informed the insured that UM coverage was not only available but mandated unless rejected.[4]
In essence, applicant had a "meaningful selection" in clear, unambiguous and unmistakable language of the only options available *653 to him. It is not required that applicant be presented with an option which is not available to him under statutory law.

DECREE
For the foregoing reasons, the judgment of the trial court is REVERSED. Costs are to be paid by the appellee, Merril J. Daigle.
REVERSED.
CARTER, J., concurs with reasons.
GONZALEZ, J., concurs for the reasons assigned by Judge Carter.
CARTER, Judge, concurring.
I am constrained by this court's opinion in Stephone E. McCurtis v. Eugene Free and Imperial Fire and Casualty Insurance Company, 95-2189 (La.App. 1st Cir. 5/10/96); 673 So.2d 701, which upheld the validity of an identical uninsured/underinsured (UM) insurance selection/rejection form and held that such form gave the insured the required options, to concur with the result reached by the majority.
However, I submit that Judge Whipple's dissenting opinion in McCurtis sets forth the more appropriate interpretation of the requirements of Tugwell v. State Farm Insurance Company, 609 So.2d 195 (La.1992), and its progeny. See Banks v. Patterson Insurance Company, 94-1176 (La.App. 1st Cir. 9/14/95); 664 So.2d 127, writ denied, 95-2951 (La. 2/16/96); 667 So.2d 1052. Because the UM selection/rejection form does not clearly and unambiguously afford the insurer the choice of accepting UM coverage equal to bodily injury limits in the policy or rejecting UM coverage as required by Tugwell, the insured is not afforded the opportunity to make a meaningful selection from the options available to him. Anderson v. Allstate Insurance, 642 So.2d 208, 215 (La.App. 1st Cir.1994).
I agree with the majority that the third choice required by Tugwell, namely selection of UM coverage lower than bodily injury limits, is not appropriate in this case because the policy at issue provided the minimum liability limits. See Morgan v. Sanchez, 94-0090 (La.App. 1st Cir. 4/15/94); 635 So.2d 786, 787.
For these reasons, I respectfully concur.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The grant of summary judgment on the issue of insurance coverage is an interlocutory judgment which is not appealable absent a showing of irreparable injury. La.C.C.P. arts. 1915(A)(3) and 966(D); Adams v. St. Tammany Parish, 93-0717 (La.App. 1 Cir. 4/8/94), 636 So.2d 1003. The issue is reviewable upon appeal of the final judgment.
[3] Plaintiff stipulated that the signatures appearing on the insurance application and, specifically, the signature on the rejection of UM coverage, were her signatures.
[4] The UM selection form in Banks did not make the insured aware that, unless rejected, UM coverage must be afforded in all automobile liability policies. The form reads as follows:

UNINSURED MOTORISTS COVERAGE REJECTION POLICY HOLDER'S REJECTION OF INSURANCE PROTECTION AGAINST UNINSURED MOTORISTS
The undersigned insured hereby rejects Protection Against Uninsured Motorists as provided in Louisiana Revised Statutes 22:1406 from Policy Number 6L0054270 on Emma Sullivan and subsequent renewals issued by Louisiana Indemnity Co.