liWOODARD, Judge.
Belvadine M. Costello, plaintiff in this personal injury suit, appeals a judgment granting defendant’s motion for summary judgment. For the following reasons, we reverse.
FACTS
This suit arises out of an automobile accident which occurred on June 25, 1994, in Lafayette, Louisiana. Belvadine M. Costello was a guest passenger in a vehicle driven by her daughter, Connie T. Dronet. Brandi Ba-bineaux rear-ended the Dronets’ vehicle. As a result of the accident, Belvadine Costello sustained a herniated disc.
The plaintiffs, Connie Dronet, Belvadine Costello and their husbands, filed suit against Brandi Babineaux and her insurer, Safeway Insurance Company. Safeway made a full tender of all policy proceeds to the plaintiffs. Thereafter Costello added National Security Fire & Casualty Company (National Security), the Dronets’ UM carrier, to the lawsuit.
^National Security filed a motion for summary judgment on the grounds that Connie’s husband, Willie J. Dronet, had rejected the UM coverage. Costello filed a cross-motion for summary judgment on the grounds that the rejection of UM insurance was invalid because Connie Dronet had forged her husband’s signature on the rejection form and because the form of the rejection itself is invalid.
*1115 On July 18, 1995, the trial court granted National Security’s motion and denied Costello’s motion. Costello appeals that decision.
LAW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal S & L, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is “material” if its existence potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the relevant legal dispute. Cormier v. Wise, 93-1434 (La.App. 3 Cir. 6/1/94); 638 So.2d 688. A fact is “at issue” if there exists any reasonable doubt as to its existence. Durrosseau v. Century 21 Flavin Realty, 594 So.2d 1036 (La.App. 3 Cir.1992). A dispute as to the issue of whether, as a matter of law, the language in an insurance policy provides coverage to a party can properly be resolved within the context of a motion for summary judgment. Domingue v. Reliance Ins. Co., 619 So.2d 1220 (La.App. 3 Cir.1993). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
The purpose of this state’s UM statute is to promote full recovery of damages by persons insured under the UM coverage who are innocent victims of automobile accidents involving uninsured or underin-sured motorists. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992); Roger v. Estate of Moulton, 513 So.2d at 1132 [sic]; Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 578 (La.1982). Indeed, Section 22:1406D(l)(a) states that UM coverage “is provided |3 ... for the protection of persons insured thereunder. ...” Therefore, the statute should be liberally construed in order to carry out its intended purpose, with any exceptions to coverage being narrowly read and strictly interpreted. Tugwell v. State Farm Ins. Co., 609 So.2d at 197; Roger v. Estate of Moulton, 513 So.2d [1126] at 1132 [sic] [ (La.1987) ]. For that reason, any waiver of UM coverage must be clear and unmistakable. Tugwell v. State Farm Ins. Co., 609 So.2d at 197; Roger v. Estate of Moulton, 513 So.2d at 1130. In addition, the insurer bears the burden of establishing that the insured rejected UM coverage in writing pursuant to the requirements set forth by this court in Roger.
Washington v. Savoie, 92-2957, p. 5 (La. 4/11/94); 634 So.2d 1176, 1179. UM coverage “shall not be applicable where any insured named in the policy shall reject in writing ... the coverage or selects lower limits.” La.R.S. 22:1406(D)(l)(a)(i). Furthermore, the insurer hás a duty to place the insured in a position to make an informed rejection of UM coverage; the insured must be given an opportunity to make a meaningful selection of his options: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). The law is well settled that an uninsured motorist rejection waiver must be in writing, clear, unambiguous and signed by the named insured or a legal representative. Giroir v. Theriot, 513 So.2d 1166 (La.1987). Finally, it is the insurer who bears the burden of proving that the insured made a valid waiver of UM coverage. Aramburo v. Travelers Ins. Co., 426 So.2d 260 (La.App. 4 Cir.), writs denied, 433 So.2d 161, 443 So.2d 1110 (La.1983).
Meaningful Selection
Costello contends that no discussion of lower UM coverage options took place and that the UM rejection form itself is- invalid because it does not provide a meaningful selection of the three UM coverage options available to all insureds: UM coverage equal *1116 to the bodily injury limits in the policy; UM coverage lower than the bodily injury limits in the policy; or, rejection of UM coverage altogether.
The policy in question provides 10/20 liability limits, the minimum coverage required by the Louisiana law. The rejection form reads as follows:
La.R.S. 22:1406(D) requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist coverage injjamounts not less than the limits of Bodily Injury Liability provided by the policy unless the insured shall reject such coverage or select lower limits. I hereby reject Umnsured/Underinsured Motorists Protection and agree that it will not be offered to me again at any subsequent endorsement, renewal, reinstatement or substitute policy issued by the company or any of its associates, unless I request it in writing.
Signature of applicant.
/S/ Willie J. Dronet 01/14/94 9:00 a.m.
We note several problems with the form on its face.
First, we fund the wording of the form to be cumbersome and the use of “afford” in this manner and context to be confusing and ambiguous. For example, Webster’s offers several definitions of the word: “to manage to bear or to bear the cost of without serious loss or detriment; yield, furnish; give (emphasis added).” How is a lay person to know which meaning is intended and what is meant by it in the context of UM coverage?
In addition to ambiguity creating a problem for a meaningful selection, we find the form to be defective because it does not provide the option to accept coverage. A form must allow an applicant to make a “meaningful selection” from his/her options provided by the statute, namely: either reject UM coverage, accept UM coverage equal to the bodily injury and property coverage, or select a lower limit. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992); Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991). La.R.S. 22:1406(D)(1)(a)(i). See also Banks v. Patterson Ins. Co., 94-1176 (La.App. 1 Cir. 9/14/95); 664 So.2d 127, writ denied, 95-2951 (La. 2/16/96); 667 So.2d 1052, in which our brethren on the first circuit recently held that a UM rejection form which allowed the named insured to reject UM coverage but did not allow the named insured to accept UM coverage at the liability limits was defective in form.
In Banks, the UM rejection form provided:
The undersigned insured hereby rejects Protection Against Uninsured Motorists as provided in Louisiana Revised Statutes 22:1406 from Policy Number 6L0054270 on Emma Sullivan and subsequent renewals issued by Louisiana Indemnity Co.
IgThe court in Banks noted that the insurer was not required to offer UM coverage at lower limits than the bodily injury limits in the policy as the policy limits were 10/20, or the lowest legally available limits. The same situation exists in the case at hand. What distinguishes the instant case from Banks is that in the instant case, the insured is given a choice of UM in an amount “not less than the policy limits,” or no UM coverage at all. In Banks, the insured was not given a choice— the language used suggested the appropriate path he should take without explaining the choices. Although, the language herein appears to give a choice, the truth is, the only alternative on the form is “I reject.”
The form should not only require a notice that choices are available, but it should make those choices available instead of saying the choice exists and then providing for only a rejection. To do otherwise is to play games with the language which serves neither the insured nor the clear spirit and mandate of the law.
Accordingly, given the ambiguity, lack of clarity, and failure to provide acceptance as an option, the insurer did not place the insured in a position to make an informed rejection of UM coverage, as is required. See Henson, 585 So.2d 534, citing 2 A. Wid-iss, Uninsured and Underinsured Motorist Insurance, § 32.5 (2d ed. 1985).
Thus, we find that the rejection of UM coverage does not meet the statutory and jurisprudential requirements. We further find that there is no genuine issue of material *1117 fact and that the plaintiff’s are entitled to summary judgment as a matter of law.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting defendant’s motion for summary judgment and denying plaintiffs is reversed and that of plaintiffs is granted, and we remand to the trial court for proceedings consistent with this opinion. Costs of this appeal are assessed against the defendant-appellee, National Security Fire <& Casualty Company.
REVERSED, RENDERED, AND REMANDED.
DOUCET, C.J., concurs and assigns reasons.
KNOLL, J., dissents and assigns reasons.
AMY, J., dissents for the reasons assigned by KNOLL, J.