liKNOLL, Judge,
dissenting.
I respectfully dissent from the majority’s reversal of the trial court judgment which granted National Security’s motion for summary judgment.
I disagree that the wording of National Security’s rejection form is ambiguous. When the word “afford” is read contextually, the meaning is clear and easily understandable.
I likewise find no merit to the majority’s determination that the rejection form is defective “because it does not provide the option to accept coverage.” In Holbrook v. Holliday, 93-1639 (La.App. 3 Cir. 6/1/94); 640 So.2d 804; writ denied, 94-1735 (La. 10/7/94); 644 So.2d 642, we stated:
Because the statute [La.R.S. 22:1406(D)(1) ] automatically provides for UM coverage equal to the bodily injury liability limits, absent a rejection of UM coverage or selection of lower limits in writing, the customer possesses UM coverage as a matter of law.
In the case sub judice, since the Dronets had 10/20 bodily injury coverage, lower UM coverage was not available and there was no requirement that National Security explain the absence of a lower limit. Morgan v. Sanchez, 94-090 (La.App. 1 Cir. 4/15/94); 635 So.2d 786. Accordingly, the Dronets had only two options: (1) sign the rejection form; or (2) do nothing and have UM coverage as a matter of law. The record shows that the Dronets affirmatively indicated their rejection of coverage. If they had chosen not to sign, they would have had UM coverage available. Therefore, I find that the majority errs in finding that the National Security rejection form was defective and of no effect.
For the foregoing reasons, I would maintain the trial court’s dismissal of the Dronets’ UM claim against National Security.