h GRISBAUM, Judge.
This matter arises out of a dispute over insurance coverage stemming from an automobile accident. The defendant, Southern United Fire Insurance Company, appeals the judgment of the trial court finding it provided uninsured/underinsured motorist coverage to plaintiffs, Roosevelt Piper, Jr. and James Downing, IV. We affirm.

ISSUE

We are called upon to determine whether the trial court erred in finding appellant’s uninsured motorist rejection form invalid.

FACTS AND PROCEDURAL HISTORY

On February 25,1993, Roosevelt Piper, Jr. applied for insurance with the defendant, Southern United Fire Insurance Company (“Southern”). ^Subsequently, Southern issued a policy of automobile liability insurance to Mr. Piper insuring a 1983 Oldsmobile Omega.
On July 27, 1993, Mr. Piper and James Downing, IV both sustained injuries when the ear they were riding in from work was rear ended by a vehicle operated by Kenneth Davis. Mr. Davis had only 10/20 liability coverage and both Mr. Piper and Mr. Downing received a policy limits settlement of $10,000.00 from Mr. Davis’ insurer.
Thereafter, Mr. Piper and Mr. Downing filed this lawsuit against Southern, alleging that Southern provided uninsured/underin-sured motorist coverage on the vehicle operated by Mr. Piper and involved in the July 27,1993-automobile accident.
Southern filed a Motion for Summary Judgment, requesting that it be dismissed from the lawsuit, since there was a valid uninsured/underinsured motorist coverage rejection. The plaintiffs filed a Motion for Summary Judgment, requesting the trial court to declare the UM selection portion of the application invalid. A hearing on both motions was held on November 2, 1995 and, by judgment signed November 6, 1995, the trial judge denied both Motions for Summary Judgment.
A trial of this matter was held on March 26,1996. The main issue at trial was whether the UM selection/rejection signed by Mr. Piper was a valid waiver of uninsured motorist coverage. By judgment signed March 28, 1996, the trial judge held the UM rejection to be invalid and awarded damages to each plaintiff in the amount of $10,000.00, together with legal interest provided by law and all costs of the proceedings.
It is from this judgment that Southern now appeals.
I zLAWAND ANALYSIS
Mr. Piper’s application for insurance contained the following provision:
UNINSURED MOTORIST PROTECTION-COVERAGE SELECTION
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist Coverage unless the insured shall reject such coverage.
I HAVE BEEN OFFERED and I hereby REJECT Uninsured Motorists Bodily Injury Coverage.
SIGNATURE OF APPLICANT_
Mr. Piper circled the word “REJECT” and signed the form in the space provided “SIGNATURE OF APPLICANT.”
Our statutory law, as found in La.R.S. 22:1406(D)(l)(a)(i), provides as follows:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this *1250 Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates. The coverage provided under this Subsection may exclude coverage Rfor punitive or exemplary damages by the terms of the policy or contract.
A valid rejection or selection of lower limits must be in writing and signed by the named insured.
Additionally, the Louisiana Supreme Court, in Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), outlined the requirements for a valid rejection of UM coverage by stating that
[T]he insurer must place the insured in a position to make an informed rejection of UM coverage.... In other words, the form used by the insurance company must give the applicant the opportunity to make a “meaningful selection” from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
Id. at 197 (citation omitted). Ergo, in order for a UM rejection form to be valid it must give the insured all three of the options listed above.
Clearly, the form signed by Mr. Piper does not contain the option of allowing him to select UM coverage in an amount lower than the bodily limits in the policy. However, because his liability coverage was in the amount of 10/20, which is the lowest available under Louisiana law, there is no need to offer lower limits of UM coverage or explain the absence of lower limits, as there are no lower limits that can be offered under Louisiana law. See, Morgan v. Sanchez, 94-90 (La. App. 1st Cir. 4/15/94), 635 So.2d 786.
Importantly, the rejection form signed by Mr. Piper must still contain the other two options provided for in Tugwell. While the form signed by Mr. Piper gave him the option of rejecting UM coverage, it did not give him the option of accepting UM coverage equal to the bodily limits of the policy. Southern’s UM rejection form foreclosed informing Mr. Piper of an option given him by law, and, as such, the rejection form correctly was held by the trial court to be invalid. Banks v. Patterson Ins. Co., 94—1176 (La.App. 1st Cir. 9/14/95), 664 So.2d 127.
|5We note the appellant’s assertion that the rejection is valid, since the insured could have obtained UM coverage equal to the bodily injury limits of the policy by doing nothing. We disagree. The insurer has a duty to place the insured in a position to make an informed rejection of UM coverage. Henson v. Safeco Ins. Companies, 585 So.2d 534 (La.1991). The object of the UM legislation is to promote full recovery for innocent automobile accident victims by making uninsured motorist coverage available for their benefit. The statute is to be liberally construed, such that the statutory exceptions to the coverage requirement are interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable. The insurer bears the burden of proving that any insured named in the policy rejected, in writing, UM coverage equal to the bodily injury limits, or selected lower limits. Tugwell, supra.
The form used by the insurer is not clear and unmistakable. While it is true that Mr. Piper could have received UM coverage equal to the bodily injury limits of the policy by doing nothing, this is not clear to a lay person by the wording of the form. The form only states that Louisiana law requires insurers to provide UM coverage. It says nothing as to the amount of coverage. It does not offer the insured an option to select UM coverage equal to the bodily injury limits of the policy. It does not tell the insured to do nothing if he would like UM coverage equal to the bodily injury limits of the policy.
*1251 A strict reading of this policy shows that the insurer essentially offered only one option, a rejection of UM coverage. Therefore, the rejection form signed by Mr. Piper is invalid, and Southern is automatically obligated to appellees for UM coverage under La.R.S. 22:1406(D)(l)(a)(i).
For the foregoing reasons, the trial court’s March 28, 1996 judgment is affirmed. All costs of this appeal are to be assessed against the appellant.

AFFIRMED.