768 So.2d 248 (2000)
Aubrey J. WEEDEN, Sr.
v.
LANDMARK AMERICAN INSURANCE COMPANY, St. Paul Fire Insurance Company, Elmer N. Smith and Ricky L. Chipman d/b/a and/or Neal Trucking Company.
No. 99 CA 1939.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*249 R. Scott Ramsey, Jr., Morgan City, for Plaintiffs-Appellants Aubrey J. Weeden, Sr. and Peggy R. Odom d/b/a Odom Trucking.
David J. Bourgeois, Kelly C. Bogart, Metairie, for Defendant-Appellee St. Paul Fire & Marine Insurance Company.
Before: PARRO and GUIDRY, JJ., and GANUCHEAU, J. Pro Tem.[1]
GUIDRY, J. Pro Tem.
The sole issue for review is the validity of the rejection of uninsured/underinsured (UM) coverage by Acme Truck Line, Inc. under its automobile insurance policy written by appellee, St. Paul Fire & Marine Insurance Company. Concluding that the rejection was invalid, we reverse.

FACTS AND PROCEDURAL HISTORY
On or about May 24, 1997, appellant, Aubrey J. Weeden, Sr., was injured in an automobile accident while driving a 1984 Toyota two-door pickup truck, which was leased to his employer, Acme Truck Line, and insured by appellee. The policy of insurance provided liability coverage in the amount of $500,000.00 per accident. On April 30, 1997, Doyle Coatney, president of Acme Truck Line, Inc., signed a UM coverage form and purportedly rejected UM coverage and property damage UM coverage. The form provided the following options from which the insured was to select one:
I want Uninsured Motorists Coverage to apply at Basic Limits$20,000/$40,000
I want Uninsured Motorists Coverage equal to my Liability limits.
I want Uninsured Motorists Coverage at limits of __________. (This Limit cannot exceed your Liability Limits nor be less than Basic Limits)

I reject Uninsured Motorist Coverage.
Mr. Coatney selected the "I reject" option, signed and dated the form. The blank for the "other limits" option was not completed.
Motions for summary judgment were filed by both appellant and appellee. According to appellant, he was entitled to summary judgment because the policy issued by appellee provided UM coverage. Appellee, however, argued entitlement to summary judgment on the basis of a valid UM coverage rejection.
A hearing on the motions was held on March 2, 1999, and the trial court rendered a judgment denying appellant's motion and granting appellee's motion, finding the UM rejection to be valid.

*250 DISCUSSION

Summary JudgmentStandard of Review
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1st Cir.11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, XX-XXXX-XX (La.2/13/98), 709 So.2d 753, 754. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Rambo v. Walker, 96-2538, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 30, 32. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).

UM Rejection
In Louisiana, UM coverage is provided for in La. R.S. 22:1406. This statute embodies a strong public policy and is to be liberally construed such that statutory exceptions to the UM coverage requirements are interpreted strictly. Degruise v. Houma Courier Newspaper Corporation, 94-2386, p. 8 (La.App. 1st Cir.6/23/95), 657 So.2d 580, 586, aff'd as amended, 95-1863, 95-2675 (La.11/25/96), 683 So.2d 689. The object of the UM statute is to promote recovery of damages for innocent victims by making UM coverage available for their benefit as the primary protection when the tortfeasor is without insurance and as additional or excess coverage when the tortfeasor is inadequately insured. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). This object is accomplished by making UM coverage available for the victim's benefit as primary protection against the inadequately insured tortfeasor. Dardar v. Prudential Property & Casualty Insurance Co., 98-1363, p. 3 (La.App. 1st Cir.6/25/99), 739 So.2d 330, 332, writ denied, 99-2196 (La.11/12/99), 750 So.2d 195; Holbrook v. Holliday, 93-1639, p. 4 (La. App. 3rd Cir.6/1/94), 640 So.2d 804, 807, writ denied, 94-1735 (La.10/7/94), 644 So.2d 642.
Inasmuch as the statutory requirement of UM insurance represents a strong public policy, statutory coverage will be read into any automobile liability policy as if it were written in the policy itself. Henson v. Safeco Insurance Companies, 585 So.2d 534, 537 (La.1991). La. R.S. 22:1406 D(1)(a)(i-ii) provides that uninsured motorist coverage exists in amounts not less than the limits of bodily injury liability unless an insured rejects in writing the coverage or selects lower limits. *251 Dardar, 98-1363 at 3, 739 So.2d at 332. The insured is afforded three options regarding UM coverage: 1) UM coverage with limits equal to the policy's bodily injury limits, 2) UM coverage with limits lower than the policy's bodily injury limits, or 3) no UM coverage. Daigle v. Authement, 95-1465, p. 2 (La.App. 1st Cir.5/31/96), 676 So.2d 650, 651, aff'd, 96-1662 (La.4/8/97), 691 So.2d 1213.
In order for there not to be UM coverage, "the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as [of] a specific date in the particular policy issued or to be issued by the insurer." Degruise v. Houma Courier Newspaper Corp, 94-2386, pp. 12-13 (La.App. 1st Cir.6/23/95); 657 So.2d 580, 588, affirmed as amended, 95-1863 (La.11/25/96); 683 So.2d 689. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection. If rejection of UM is ambiguous, it is ineffective, regardless of the parties' intent. If the rejection is unambiguous, but not in proper form, it is also ineffective. Degruise, 657 So.2d at 588. Therefore, unless the insured's expression of his desire to reject or select lower limits of uninsured motorist coverage meets the formal requirements of law, the expression does not constitute a valid rejection. Degruise, 657 So.2d at 588.
Dardar, 98-1363 at 4, 739 So.2d at 333.
The method of rejecting and/or selecting UM coverage used in the policy in this case did not conform to the requirements of La. R.S. 22:1406(D)(1)(a)(ii). Specifically, the form is unclear and ambiguous. Because this is not a 10/20 policy, the insured was required to be informed of and make a meaningful selection from the three options provided in the statute. Although the insured was informed that he could select UM coverage at "Basic Limits," the information regarding the basic limits was incorrect. Therefore, the insured was not informed that UM coverage in the amount of $10,000.00/$20,000.00 was available.
Given the determination that the form does not meet the formal requirements of law, the rejection in this case is ineffective. See, e.g., Dardar, 98-1363, 739 So.2d 330. Accordingly, UM coverage is provided equal to the liability limits of the policy.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings. Costs are assessed to appellee.
REVERSED AND REMANDED.
PARRO, J., concurs.
NOTES
[1] Judge Richard J. Ganucheau of the Orleans Parish Civil District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.