649 So.2d 967 (1995)
Don E. CARTER, M.D.
v.
Richard BAHAM, et al.
No. 94-C-2809.
Supreme Court of Louisiana.
January 27, 1995.
Rehearing Denied March 10, 1995.
*968 PER CURIAM.[1]
Plaintiff, Don Carter, was injured on September 30, 1991, as the result of a collision between the motorcycle he was driving and an automobile driven by an uninsured or underinsured motorist. At the time of the accident, plaintiff was insured under two insurance policies, an automobile liability policy and an umbrella liability policy, both issued by defendant, United States Automobile Association (USAA). USAA tendered the UM policy limits on the automobile liability policy to plaintiff but denied UM coverage under the umbrella policy, contending that plaintiff had rejected such coverage both in 1985, when the policy was initially issued, and in 1991, when the policy was renewed. Plaintiff admitted that he validly rejected UM coverage by signing the appropriate form when the umbrella policy was issued in 1985. However, he contends that he was not properly informed of his right to select UM coverage in an amount lower than the bodily injury limits of the umbrella policy when he signed a UM rejection form in 1991 pursuant to the policy renewal. Thus, P claims that his rejection of UM coverage was invalid under the mandates of Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), and that he is therefore entitled to UM coverage in the amount of the bodily injury limits of the umbrella policy.
After trial on the issue of insurance coverage under the umbrella policy, the trial judge held that USAA had failed to satisfy its burden of proving that plaintiff rejected UM coverage in the 1991 policy renewal on a form which apprised him of all of his options concerning such coverage. Accordingly, the trial judge held that plaintiff is entitled to UM coverage under USAA's umbrella policy in the same amounts as liability coverage under the policy. The Fourth Circuit Court of Appeal reversed, finding that plaintiff had validly rejected UM coverage. Carter v. Baham, 94-0119 (La.App. 4th Cir. 10/13/94), 644 So.2d 1086. For the following reasons, we reverse the decision of the court of appeal.
An insurer bears the burden of proving that its insured rejected in writing UM coverage equal to the bodily injury limits of the policy or selected lower limits. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). In Tugwell v. State Farm, 609 So.2d at 197, this Court outlined the requirements for a valid rejection of UM coverage, stating:
[T]he insurer must place the insured in a position to make an informed rejection of UM coverage. In other words, the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by [La.R.S. 22:1406(D)]: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage. (citations omitted)
In the present case, the UM rejection form signed by plaintiff when he renewed the umbrella policy in 1991 allowed plaintiff to reject UM coverage by signing the form and returning it to USAA. The form noted that the failure to reject UM coverage would result in such coverage being included in the umbrella policy. However, the form failed to alert plaintiff that he had the option of selecting UM coverage at lower limits than those provided for bodily injury. Thus, on its face, the form signed by plaintiff did not meet the requirements of Tugwell for a valid rejection of UM coverage because it failed to inform plaintiff of one of his options regarding UM coverage. For this reason, the trial court found that USAA failed to meet its burden of proving that plaintiff validly rejected UM coverage when he renewed the umbrella policy. This factual finding should not be disturbed absent a determination that the trial court was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In reversing the trial court's decision, the court of appeal relied on the deposition testimony of USAA's employees who stated that the UM rejection form signed by plaintiff in 1991, as detailed above, would have been accompanied by or attached to another form which completely described all of the options mandated by Tugwell. Therefore, *969 the court of appeal found that plaintiff was adequately informed of his UM coverage options and that USAA met its burden of proving that plaintiff validly rejected such coverage. Upon review of the case, we note that the only documentary evidence of the 1991 UM rejection contained in the record is the form signed by plaintiff. USAA was unable to produce evidence to support its assertion that plaintiff received additional documents which fully informed him of all of his UM coverage options, relying instead on the testimony of its employees. To contradict that testimony, plaintiff submitted an affidavit stating that he received no other form from USAA pertaining to UM coverage at the time of the 1991 policy renewal.
Where there is conflict in the testimony, a trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though an appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La. 1989). In this case, the trial court evidently concluded that plaintiff, at the time he renewed the umbrella policy, received nothing more than the UM rejection form that was introduced into evidence, a form which is invalid on its face. As this conclusion was reasonable, the trial court's factual finding, i.e., that USAA failed to carry its burden of proving a valid UM rejection, was not manifestly erroneous and should not have been disturbed by the court of appeal. Accordingly, the decision of the court of appeal is reversed and the judgment of the trial court is reinstated.
LEMMON, J., would grant and docket.
VICTORY, J., would deny the writ.
NOTES
[1] Marcus, J., not on panel. Rule IV, Part 2, § 3.