663 So.2d 522 (1995)
Barry BRYK
v.
Phillip BROCK, et al.
No. 95-CA-0889.
Court of Appeal of Louisiana, Fourth Circuit.
October 26, 1995.
*523 Scott Beal and Glenn Lieberman, Morris Bart, P.L.C., New Orleans, for Plaintiff-Appellant.
Frances M. Olivier, New Orleans, for Defendant-Appellee.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
SCHOTT, Chief Judge.
Plaintiff, Barry Bryk, appeals the grant of a motion for summary judgment dismissing his uninsured motorist (UM) claim against Government Employees Insurance Company (GEICO). We affirm.
On October 31, 1992, Barry Bryk was injured when the car in which he was a guest passenger was rear-ended by a vehicle driven by the defendant, Phillip Brock. Bryk sued Brock in negligence and sought UM coverage from GEICO under the liability policy covering Bryk's father's vehicle.
GEICO's motion for summary judgment was based on the UM rejection form signed by the elder Bryk which stated:
I reject the coverage altogether and agree that it will not be offered to me again at any subsequent endorsement, renewal, reinstatement or substitute policy issued by the company or any of its associates, unless I request it in writing.
The trial court granted the motion; this appeal followed.
Appellant advances a three part argument contending that GEICO's rejection form is ineffective because it does not comport with statutory or jurisprudential requirements of providing the insured with a "meaningful selection" of limiting or rejecting UM coverage.
La.R.S. 22:1406(D)(1)(a)(i-ii) (1995) provides that UM coverage exists in amounts not less than the limits of bodily injury liability unless an insured rejects in writing the coverage or selects lower limits. The Louisiana Supreme Court in Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992) set forth the components of a valid rejection or selection of lower UM limits of coverage stating:
... a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. (Citations omitted). Further, the insurer must place the insured in a position to make an informed rejection of UM coverage. In other words, the form used by the insurance company must give the applicant the opportunity to make a `meaningful selection' from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage *524 lower than bodily injury limits in the policy, or (3) no UM coverage.
The court went on to explain:
... A rejection on a form that prohibits the insured from choosing limits below liability coverage or which automatically chooses a certain lower amount for the insured, does not meet the statutory requirements because it forecloses options available to the insured by law ...
Id. at 197, 198.
In the first of his arguments appellant maintains that four paragraphs of GEICO's rejection form merely "paraphrase the current status of the law" but "do not afford the appellant with the opportunity to make an informed decision".
The paragraphs in question provide:
In accordance with Louisiana law, we are required to provide Uninsured Motorist Bodily Injury Coverage equal to your Bodily Injury Liability limit.
The law, however, provides that you, at your option and in writing, may select a lower or higher Uninsured Motorist Bodily Injury Coverage limit. Please note that you cannot choose a limit less than $5,000/ $10,000 unless you reject this coverage completely.
The law also contains a provision whereby Uninsured Motorist Bodily Injury Coverage may be omitted from your policy by written agreement between you and your insurance company. Although we encourage everyone to carry this coverage, we will omit it if you request us to do so.
Uninsured Motorist Bodily Injury Coverage includes Underinsured Motorist Bodily Injury Coverage and protects you if you are injured in an automobile accident and the party at fault does not have enough Bodily Injury Liability (BI) Coverage to cover the cost of your injuries.
If you want an Uninsured Motorist Bodily Injury Coverage limit that is lower or higher than your Bodily Injury Liability limit, or if you wish to reject this coverage altogether, you must check the block you want, sign the form as indicated on the reverse side and return the form to us. Appellant contends the GEICO form suffers the same defect as the form at issue in Holbrook v. Holliday, 93-1639, (La.App. 3 Cir. 6/1/94) 640 So.2d 804, writ denied, 644 So.2d 642 (1994). This is not so. The Holbrook form merely acknowledged the insured's right to be provided UM coverage in amounts equal to bodily injury liability limits. Additionally, its tenor indicated that UM coverage was not automatic, that the insured had to take some affirmative action to secure coverage. Conversely, the first paragraph of GEICO's form unequivocally states that such coverage will be provided as a matter of law. Additionally, the following statement appears in bold type in all capital letters just below the earlier quoted rejection paragraph:
IMPORTANT NOTICE: IF YOU DO NOT COMPLETE, SIGN AND RETURN THIS FORM TO US, YOUR POLICY WILL BE ADJUSTED TO INCLUDE UNINSURED MOTORIST BODILY INJURY COVERAGE (INCLUDING UNDERINSURED MOTORIST BODILY INJURY COVERAGE) AT THE LIMIT EQUAL TO YOUR BODILY INJURY COVERAGE LIMIT. THE COVERAGE CAN ONLY BE DELETED FROM YOUR POLICY OR THE LIMIT REDUCED WHEN YOU RETURN THIS FORM INSTRUCTING US TO DO SO. (emphasis theirs)
The foregoing language unequivocally informs the insured that he need do nothing in order to secure coverage.
Next, appellant complains the GEICO form does not allow an insured the option of selecting UM coverage equal to the bodily injury liability limits of the policy.
Pretermitting the fact that UM coverage in the amount of bodily injury policy limits is automatic by operation of law which GEICO's form clearly states, appellant's argument still is groundless. GEICO's form also includes a series of boxes with corresponding amounts ranging from a minimum of $5,000/ $10,000 to a maximum of $300,000/$300,000 by which an insured may indicate his election to adjust or modify his amount of UM coverage. Cf. Tugwell, 609 So.2d at 199.
*525 Finally, relying on Carter v. Baham, 94-2809 (La. 1/29/95) 649 So.2d 967, rehearing denied 650 So.2d 1170, appellant attacks the "IMPORTANT NOTICE" section of the GEICO form. He cites the sentence: "IF YOU DO NOT COMPLETE, SIGN AND RETURN THIS FORM TO US, YOUR POLICY WILL BE ADJUSTED TO INCLUDE [UM coverage] ..." as failing to notify an insured of his right to "select UM coverage equal to the bodily injury liability limits already contained in his policy".
This argument is simply a reiteration of the previous claim; nevertheless, appellant's reliance is misplaced. The Supreme Court declared the Carter form void because, unlike GEICO's form, it "failed to alert plaintiff that he had the option of selecting UM coverage at lower limits than those provided for bodily injury". Hence, the insured in Carter was offered only two of the three statutory options. GEICO's form does not suffer the Carter deficiency. In order to adopt appellant's reasoning, we would have to ignore the clear wording of GEICO's form. The very sentence of the "IMPORTANT NOTICE" section appellant quotes to support his contention, negates his argument.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.