JiDUFRESNE, Judge.
The sole issue in this appeal is whether a rejection form for uninsured/underin-sured motorist coverage was effective. The trial judge ruled that it was effective and entered summary judgment in favor of the insurer and against its insured. For the following reasons, we affirm that judgment.
Karen Davies, plaintiff-appellant, was in a rear-end collision with an uninsured driver. She joined Millers Casualty Insurance Company of Texas, her own insurer, as a party defendant asserting that this company pro *877 vided UM coverage. Millers presented a UM waiver form signed by plaintiff’s husband Frank Davies and moved for summary judgment on the grounds that no UM coverage existed. The motion was granted and judgment was entered dismissing this insurer from the suit. Plaintiff now appeals.
The rejection form at issue reads as follows:
^IMPORTANT
UNINSURED MOTORISTS COVERAGE
State law requires that Uninsured/Under-insured Motorists Coverage equal to your limits for Bodily Injury Liability Coverage be included on your policy unless you reject this coverage in the space below.
Uninsured Motorists Coverage pays for your bodily injury, sickness or disease, including death, due to a motor vehicle accident where you are legally entitled to recover damages from the owner or operator of an uninsured or hit and run motor vehicle. This includes a vehicle to which a policy or bond applies but its limits are not enough to pay the full amount you are legally entitled to recover.
If you select Bodily Injury Uninsured Motorists Coverage, property damage coverage is available to you for all vehicles not insured for collision. Property Damage Uninsured Motorists Coverage will pay up to the actual cash value of the vehicle or $10,000, whichever is less. There is a deductible of $250 for any one accident. Excluded is damage when there is no physical contact with the uninsured motor vehicle, loss of use expenses or damages paid or payable under any other property insurance.
To reject either coverage option explained above, you must complete this section. Accordingly, the undersigned insured (and each of them) does hereby: (Please Cheek Selected Option(s) and Sign Below)
X Reject Uninsured Motorists Coverage in its entirety, or;
_Reject Uninsured Motorists Property Damage only.
[signed Frank Davies] 7-18-94 Signature of Insured Date
Plaintiff does not assert that her husband did not sign the waiver form. Rather, she alleges that the form was deficient in not setting forth with sufficient clarity the options available to the insured in regard to UM coverages. She relies mainly on Tugwell v. State Farm Insurance Co. 609 So.2d 195 (La.1992) for the rule that a valid UM [¡waiver form must place the insured in a position to make a meaningful selection of the three options available under La.R.S. 22:1406(D)(l)(a)(i), ie. 1) UM coverage equal to bodily injury limits in the policy, 2) UM coverage lower than the bodily injury limits, or 3) no UM coverage. She asserts essentially that the form at issue here is defective in that it does not contain check-off boxes or lines for selection of UM coverage equal to, or less than, the bodily injury limits, but only spaces to reject UM coverage.
As to the option of selecting lower limits, we note initially that the bodily injury limits of the present policy were $10,000 per person/$20,000 per accident, the minimum amounts permissible under state law, La. R.S. 32:900. Further, La.R.S. 22:1406(D)(l)(a)(i) mandates that any UM coverage must also meet these minimum amounts. In Morgan v. Sanchez, 94-0090 (La.App. 4th Cir. 4/15/94), 635 So.2d 786, 787, a case presenting this exact issue, the court stated that:
We find Tugwell inapplicable to the instant case. Initially, we note that pursuant to La.R.S. 22.1406(D)(l)(a)(i) and La.R.S. 32:900(B)(2), the limits of a UM policy may not be less than 10/20. Accordingly, when the insured’s bodily injury coverage is ' 10/20, and, therefore, there is no UM coverage legally available to the insured for limits less than 10/20, there is no requirement that the insurer either explain the absence of a lower limit or make some meaningless offer of the non-existent lower limit.
A similar result was reached in West v. Louisiana Indemnity Co., 26,845 (La.App. 2nd Cir. 4/5/95), 653 So.2d 194. We agree with the reasoning in these cases and similarly hold that the absence of an offer of UM *878 coverage in the circumstance presented here does not ^constitute a defect in the UM waiver form.
Plaintiffs second point is also without merit. It is her apparent interpretation of Tugwell that it requires a separate box or line for an insured to mark in order to select UM coverage. Our reading of the ease is otherwise. What it requires is that an insured be given a “meaningful selection” from his options concerning such coverage. In the present case, the UM form states unambiguously that the policy will contain UM coverage unless the insured rejects it. After defining such coverage, the form repeats that to reject UM coverage the insured must complete this section of the form. It is our opinion that the language of the form clearly provided the insured with all information about UM coverage necessary for him to make a meaningful selection of his options. We hold, therefore, that in signing the form, the insured effectively waived UM coverage, and that summary judgment in favor of the insurer on this issue was proper. See Bryk v. Brock, 95-0889 (La.App. 4th Cir. 10/26/95), 663 So.2d 522.
For the foregoing reasons, the summary judgment of the trial judge in favor of the insurer, Millers Casualty Insurance Company of Texas, holding that the waiver of UM coverage signed by the insured was valid is hereby affirmed.

AFFIRMED.