1 iBOWES, Judge.
Defendant, Patterson Insurance Company, appeals from a judgment of the trial court declaring that the policy of insurance issued to the plaintiff did not contain a valid rejection of uninsured motorist coverage. We disagree.
We have reviewed the provisions at issue and the applicable law and we hold that the policy does contain a valid rejection of uninsured motorist coverage. Accordingly, we reverse the decision of the trial judge and render judgment in favor of the defendant, dismissing plaintiffs claim.

FACTS

On March 14, 1994, plaintiffs automobile was struck in the rear by a car being operated by William Bergeron. Plaintiff filed a claim against Bergeron and his insurer, Allstate Insurance Company. Allstate settled the bclaim by paying its policy limits of $10,000.00. Plaintiff then filed a claim against her insurer, defendant herein, seeking uninsured motorist (UM) coverage. Defendant denied her claim and this suit was filed.
At the trial of the merits, both parties stipulated that should there be UM coverage under the policy, the injuries suffered by plaintiff as a result of the accident would entitle her to payment of the $10,000.00 policy limit. The trial court found that the waiver of UM coverage executed by plaintiff was ambiguous and, therefore, there was no valid exclusion of UM coverage from plaintiffs policy. The court then awarded plaintiff the policy limits of $10,000.00, in accordance with the stipulation entered into.

ANALYSIS

The sole issue in this appeal filed by Patterson Insurance Company is whether the *1095 policy of insurance provides UM coverage, or whether plaintiff had validly waived such coverage.
La. R.S. 22:1406(D)(l)(a) requires uninsured motorist coverage “in not less than the limits of bodily injury liability provided by the policy.” However, UM coverage is not required “where any insured named in the policy [rejects] in writing the coverage or select[s] lower limits.”
The statute does not specify how a rejection or selection of lower limits is to be effected; however, the Louisiana Supreme Court has declared that a valid rejection or selection of lower limits must be in uniting and signed by the named insured or his legal representative, and must place the ^insured in a meaningful position to make an informed rejection of UM coverage. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 196-7 (La. 1992); Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991). The applica7 ble statute, La. R.S. 22:1406(D)(1)(a), provides three options, and the form used by the insurance company must give the insured the opportunity to make a meaningful selection from those options, namely:
(1) UM coverage equal to bodily injury limits in the policy;
(2) UM coverage lower than bodily injury limits in the policy;
or (3) no UM coverage.
However, in a case such as the one presently before us, when the policy at issue is for the legal minimum limits, the policy need only inform the insured of her right to accept or reject UM coverage, and the insurer need not explain the absence of a lower limit or make some meaningless offer of the non-existent lower limit. Davies v. LaBorde, 96-391 (La.App. 5 Cir. 10/29/96), 683 So.2d 876.
The statute involved La. R.S. 22:1406(D), does not set forth the language to be used to have an effective waiver of UM coverage. However, any exclusion from coverage in an insurance policy must be clear and unmistakable. Tugwell, supra.
Finally, we note that it is the insurer who bears the burden of proving that any insured named in the policy rejected, in writing, UM coverage. Tugwell, supra.
Lin this case, the policy at issue contains two separate different provisions dealing with UM coverage. The first provision, found at- the bottom of the application page, reads as follows:
UNINSURED MOTORIST PROTECTION—COVERAGE SELECTION
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist Coverage unless the insured shall reject such coverage.
I HAVE BEEN OFFERED and hereby REJECT Uninsured Motorist Bodily Injury Coverage.
After this language is the plaintiffs signature, along with the date, February 4, 1994 and the time, 10:10 a.m.
In Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, the Louisiana Supreme Court considered an insurance policy with an identical waiver provision and found that the language of the waiver, in a case where the policy was issued for the legal minimum limits of liability coverage, was “adequate for the purpose intended by the legislature” and constituted a valid waiver of UM motorist coverage. Thus, if this had been the only waiver form executed by plaintiff, there would clearly be no UM motorist coverage in this case.
The second waiver is found on a separate page, and it reads as follows:
JsUNINSURED MOTORISTS COVERAGE REJECTION
POLICYHOLDER’S REJECTION OF INSURANCE PROTECTION AGAINST UNINSURED MOTORISTS.
The undersigned hereby rejects Protection Against Uninsured Motorists as provided in Louisiana Revised Statutes 22:1406 from Policy Number PP0016038 and subsequent renewals issued by Patterson/Pateo.
*1096 This language is also followed by the plaintiffs signature and the date, February 4, 1994. It is this form, that is alleged to be defective.
The identical form was considered by the First Circuit Court of Appeal in Banks v. Patterson Ins. Co., 94-1176 (La.App. 1 Cir. 9/14/95), 664 So.2d 127, 129, writ denied, 95-2951 (La.2/16/96), 667-1052, 667 So.2d 1052. In that case, the court found that the waiver of UM coverage was defective, because “The form allowed [the insured] to reject UM insurance, but did not allow her to accept UM coverage at the liability limits.”
In the case, sub judice, had this particular waiver been the only waiver in the policy, it might be considered to be unenforceable. However, the issue is not whether this one form constitutes a valid waiver of UM coverage, but whether the insurance policy in total contains a valid waiver.
The trial court herein considered the above two waiver forms, and concluded that these waivers, when read together, did not constitute a valid rejection of UM coverage because it created an ambiguity.
In his reasons for judgment, the trial judge stated that:
| e • • • the plaintiff signed two different provisions dealing with UM coverage. The provision at the bottom of the Application page, under the heading “Uninsured Motorists Protection — Coverage Selection,” standing alone appears to be a valid waiver of UM coverage. However, the other provision, contained in the document titled “Uninsured Motorists Coverage Rejection,” is not a valid waiver of UM coverage because it does not inform the insured that Louisiana law requires the inclusion of UM coverage unless specifically rejected. The signing of two forms, one valid and one invalid, created an ambiguity as to the exclusion of UM coverage. An exclusion from coverage in an insurance policy must be clear and unmistakable. Given this ambiguity, I find that there was no valid exclusion of UM coverage from plaintiffs policy.
We do not agree with these findings of the trial court.
In the first waiver form, plaintiff was clearly informed that Louisiana law provided UM coverage unless specifically rejected, and by signing that form, plaintiff clearly and unambiguously rejected UM coverage. The second form merely reiterates that plaintiff had the option of rejecting coverage, and plaintiff then reiterated her decision to waive UM coverage by signing this form. The insurance policy at issue, read in total, clearly informs plaintiff of her right to accept or reject UM motorist coverage.
We, therefore, find that the trial court erred and was incorrect in its judgment finding that plaintiff did not waive UM motorist coverage and in awarding plaintiff the policy limits of $10,000.00.

^CONCLUSION

For the above discussed reasons, the judgment of the trial court is reversed, judgment is rendered in favor of defendant-appellant, Patterson Insurance Company, dismissing plaintiffs claims, with prejudice. All costs are assessed against plaintiff, June Williams.
REVERSED.