434 So.2d 970 (1983)
Mary Janet KERR, Personal Representative of the Estate of Carla Denise Kerr, Deceased, Etc., Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Etc., Appellee.
No. 82-948.
District Court of Appeal of Florida, Fifth District.
June 23, 1983.
Rehearing Denied July 21, 1983.
*971 Charles R. Stepter, Jr., of Zinkow, Kosto & Rotella, P.A., Orlando, for appellant.
James O. Driscoll of Driscoll, Langston & Kane, P.A., Orlando, for appellee.
COWART, Judge.
This case involves the question of whether an insurer must again offer uninsured motorist coverage to a surviving wife at the time her name is substituted as the named insured for that of her deceased husband on a policy providing liability coverage on a jointly owned vehicle when such uninsured motorist coverage was offered the husband when the policy was issued.
On April 4, 1977, appellant's husband, Eugene A. Kerr, purchased from appellee insurance company, State Farm Mutual Automobile Ins. Co., a policy of liability insurance on a 1976 Datsun that was titled in the names of both himself and the appellant, Mary Janet Kerr. At that time, Mr. Kerr was offered[1] and rejected uninsured motorist limits of liability equal to the bodily injury limits of liability coverage purchased.[2] Mr. Kerr was the named insured and under the terms of the policy, by description, his wife, appellant and his daughter, Carla Denise Kerr, were additional insured. On August 1, 1977, appellant telephoned the insurance company's representative and advised him that Mr. Kerr had died and requested that the company change the name on the policy to Mary Janet Kerr and to change the monthly payment plan account to her name. Mrs. Kerr was not required to sign a new application and a policy declarations page, with this change, was mailed to her about August 16, 1977. In October 1977, at Mrs. Kerr's request, the monthly pay plan account was closed and the premium was placed on a regular six month interval billing cycle. Thereafter the policy was regularly renewed and was in existence when, on August 22, 1980, the daughter Carla Denise Kerr died in an automobile accident while a passenger in another car owned and operated by an uninsured motorist. Appellant brought an action against the insurance company to have it established that the uninsured motorist coverage under the policy was $50,000 per person rather than $15,000 as stated in the policy on the theory that the substitution of her name on the policy for that of her deceased husband in August, 1977, constituted the issuance of a new policy of automobile liability insurance and that a new offer and rejection of uninsured motorist coverage was then required by section 627.727(1), Florida Statutes (1977), and that such coverage was not then offered to and rejected by appellant as a result of which uninsured motorist coverage under the policy was equal to the liability coverage. Although there was a factual dispute as to whether appellant had been offered higher uninsured motorist coverage at the time she requested the name change on the policy the trial court held that was not a genuine issue and entered summary judgment in favor of the insurer resulting in this appeal.
In Maxwell v. United States Fidelity and Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA 1981), it was stated that the test for whether a new rejection of uninsured motorist coverage had to be obtained is "whether the `original policy' has been changed in any material respect." Maxwell, 399 So.2d at 1054, citing United States Fidelity and Guaranty Co. v. Waln, 395 So.2d 1211, 1214 (Fla. 4th DCA 1981), pet. denied 407 So.2d 1106 (Fla. 1981). We adopted the test in Maxwell in Sentry Insurance a Mutual Company v. McGowan, 425 So.2d 98 (Fla. 5th DCA 1982).
*972 We hold that under the circumstances of this case the action of the insurer, at the wife's request, in merely substituting the wife's name for that of her deceased husband as the "named insured" on an existing policy of liability insurance which provided, and continued to provide, the same insurance coverage on the same vehicle which was originally jointly owned by the husband and wife but after her husband's death was owned solely by the wife as the survivor of jointly held property, did not constitute a variation in the terms of the policy material enough to require the insurer to again offer uninsured motorist coverage under section 627.727(1), Florida Statutes (1981).
AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] As contemplated by section 627.727(1), Florida Statutes (1975).
[2] Mr. Kerr purchased $50,000 per person and $100,000 per occurrence liability coverage but selected $15,000 per person and $30,000 per occurrence uninsured motorist coverage.