673 So.2d 701 (1996)
Stephone E. McCURTIS
v.
Eugene FREE and Imperial Fire and Casualty Insurance Company.
No. 95 CA 2189.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*702 Craig S. Watson, Baton Rouge, for Plaintiff-Appellant.
James P. Doherty, Jr., Opelousas, for Defendants-Appellees.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
By this appeal, an insured contests a summary judgment granted in favor of the insurer on the issue of uninsured motorist coverage.
At approximately 7:25 p.m. on December 13, 1992, Stephone E. McCurtis was travelling eastbound on Highway 182 when a 1975 Ford pickup truck driven by Eugene Free headed westbound turned in front of him. McCurtis struck the truck driven by Free and allegedly suffered back and neck injuries. Free was uninsured.
McCurtis sued his liability insurance carrier, Imperial Fire and Casualty Insurance Company (Imperial), claiming that it provided him UM coverage. Denying UM coverage, Imperial moved for a summary judgment. The trial court granted Imperial's motion. McCurtis appeals.
Initially, McCurtis asserts that summary judgment was inappropriate because Imperial did not obtain a valid and enforceable rejection of UM coverage. In making this assertion, McCurtis relies on Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), in which the Supreme Court stated that the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than bodily injury limits in the policy; or (3) no UM coverage. In addition, the Court stated that a rejection on a form that prohibits the insured from choosing limits below liability coverage or which automatically chooses a certain lower amount for the insured, does not meet the statutory requirements because it forecloses options available to the insured by law.
In the instant case, it is undisputed that McCurtis secured 10/20 basic coverage with Imperial. In the case of Morgan v. Sanchez, 94-0090 (La.App. 1 Cir. 4/15/94); 635 So.2d 786, this court found Tugwell to be inapplicable to cases where the insured chose 10/20 basic coverage. Therein, we noted that, pursuant to LSA-R.S. 22:1406(D)(1)(a)(i) and LSA-R.S. 32:900(B)(2), the limits of a UM policy may not be less than 10/20. Accordingly, when the insured's bodily injury coverage is 10/20 and, therefore, there is no UM coverage legally available to the insured for limits lower than 10/20, there is no requirement that the insurer either explain the absence of a lower limit or make some meaningless offer of the non-existent lower limit. See also West v. Louisiana Indem. Co., 26-845 (La.App. 2 Cir. 4/5/95); 653 So.2d 194, writ denied, 95-1099 (La. 6/16/95); 655 So.2d 337.
Therefore, Imperial was only required to offer McCurtis (1) UM coverage equal to his bodily injury limits and (2) no UM coverage. The language of the rejection contained in the insurance application is as follows:
UNINSURED MOTORISTS PROTECTIONCOVERAGE SELECTION
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist Coverage unless the insured shall reject such coverage.
I HAVE BEEN OFFERED and I hereby REJECT Uninsured Motorists Bodily Injury coverage.
SIGNATURE OF APPLICANT
 s/Stephone McCurtis
Clearly, the form that McCurtis signed regarding UM coverage gave him the option of either selecting 10/20 UM coverage or rejecting UM coverage entirely. Accordingly, the form did not foreclose McCurtis from accepting UM coverage equal to his liability limits. This case is distinguishable from the case of Banks v. Patterson Ins. Co., 94-1176 (La.App. 1 Cir. 9/14/95); 664 So.2d 127, writ denied 95-2951 (La. 2/16/96); 667 So.2d 1052, in which we addressed the adequacy of similar language as a rejection of uninsured motorist coverage. In that case, the rejection form used by the insurance company provided as follows:

*703 UNINSURED MOTORISTS COVERAGE REJECTION POLICY HOLDER'S REJECTION OF INSURANCE PROTECTION AGAINST UNINSURED MOTORISTS
The undersigned insured hereby rejects Protection Against Uninsured Motorists as provided in Louisiana Revised Statutes 22:1406 from Policy Number 6L0054270 on Emma Sullivan and subsequent renewals issued by Louisiana Indemnity Co.

We found this policy language was an inadequate rejection of uninsured motorist coverage as the form allowed the insured to reject UM insurance, but did not allow her to accept UM coverage at the liability limits. Hence, the rejection form foreclosed informing the insured of an option given by law. In the instant case, the clause at issue states that the insured has "BEEN OFFERED" UM coverage. This language meets the requirement that the insured be offered UM coverage equal to his bodily injury limits.
Finally, the appellant urges that the insurance policy in effect of the day of the accident was a policy for which UM coverage had not been waived. The policy that McCurtis was originally issued was numbered IFC1091520-0 and had provided coverage from September 11, 1992 to October 11, 1992 and, then, from October 11, 1992 to November 11, 1992. There was, then, a gap in the coverage because of a failure by the appellant to pay the premium prior to November 11, 1992. Imperial received a premium payment from McCurtis on November 12, 1992. Coverage was, then, supplied from November 13, 1992 to December 13, 1992 under policy number IFC1103006-3. The accident giving rise to this litigation occurred on December 13, 1992.
The appellant's position is that, because coverage lapsed from November 11 to November 13 and Imperial assigned a new number to his policy on November 13, the coverage which began on that day was under a new policy of insurance and, therefore, required a new rejection of UM coverage. Because no rejection was obtained, UM coverage was automatically provided.
On the other hand, Imperial argues that the original policy was reinstated on November 13, 1992. Therefore, the original rejection was still in effect, under LSA-R.S. 22:1406D(1)(a)(i). That legislation provides in part, as follows:
Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.
In the case of Bryant v. Viking Ins. Co. of Wisconsin, 579 So.2d 1241, 1243 (La.App. 3 Cir.1991), the court discussed the issues of substituted and reinstated policies and the court held as follows:
The distinction between a substitute and reinstated policy is given in 18 Couch on Insurance 2d §§ 691.1-69.3, Revival and Reinstatement. If there is coverage and an agreement is made for a different coverage, there is a substitution of policies. To reinstate an insurance policy means to restore the insured to all the benefits accruing under the policy contract. For there to be a reinstatement, it is necessary that there be an interval during which the insured no longer is covered by insurance.
See also Troha v. State Farm Ins. Co., 606 So.2d 89 (La.App. 3 Cir.1992).
In the instant case, the coverage afforded McCurtis after November 13 was identical to the coverage he enjoyed before the lapse in his liability insurance occurred. Therefore, the coverage which began on November 13 falls within the definition of a reinstatement of an insurance policy. The only difference in the two policies was the policy number. We find that the assignment of a new number to the policy, in which all else remains the same, does not result in the issuance of a new policy. Therefore, UM coverage was not provided to McCurtis by Imperial.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Stephone E. McCurtis.
AFFIRMED.
WHIPPLE, J. dissents and assigns reasons.
*704 WHIPPLE, Judge, dissenting.
The majority states that "[i]n the instant case, the clause at issue states that the insured has `BEEN OFFERED' UM coverage" and that "[t]his language meets the requirement that the insured be offered UM coverage equal to his bodily injury limits."
In Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992), our Supreme Court reiterated the requirements for a valid rejection of UM coverage:
[T]he insurer must place the insured in a position to make an informed rejection of UM coverage. Henson [v. Safeco Ins. Companies], 585 So.2d [534] at 539 (La. 1991). In other words, the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
Furthermore, in Anderson v. Allstate Insurance Company, 93-1102, pp. 6-8 (La.App. 1st Cir.); 642 So.2d 208, 215 (on rehearing), writ denied, 94-2400 (La. 11/29/94); 646 So.2d 404, this court concluded that a UM rejection form, which did not provide the insured with a box or blank for the insured to exercise the right to accept UM coverage equal to liability limits, could have been construed as providing the insured with only two options, i.e., to accept UM coverage lower than bodily injury limits in the policy or to reject UM coverage. Thus, this court found the form to be invalid for failing to meet the requirement of Tugwell that the insured be given the opportunity to make a "meaningful selection" from all options available to him. Anderson, 93-1102, pp. 6-8; 642 So.2d at 215.
Because the policy at issue provided 10/20 coverage, there was no UM coverage legally available to the insured for limits lower than the bodily injury limits in the policy. See LSA-R.S. 22:1406(D)(1)(a)(i); LSA-R.S. 32:900(B)(2); Morgan v. Sanchez, 94-0090 (La.App. 1st Cir. 4/15/94); 635 So.2d 786, 787. However, pursuant to Tugwell and Anderson, the insured should have been provided with the opportunity on the form to make a meaningful selection from the options that were available to himto accept UM coverage equal to liability limits or to reject UM coverage.
The form at issue allowed the insured to reject UM insurance, but did not allow him to accept UM coverage at liability limits. Because the form does not meet the requirements of Tugwell, there could be no valid rejection of UM coverage. See Jordan v. Honea, 407 So.2d 503, 506 (La.App. 1st Cir. 1981), writs denied, 409 So.2d 654, 660 (La. 1982). Thus, I would find, as a matter of law, plaintiff is afforded UM coverage in the absence of a showing on the record of a valid rejection herein. Accordingly, I respectfully dissent.