**Alan D. WESTBROOK, et al.**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.**

**No. CIV. A. 95–3284.**

United States District Court,
E.D. Louisiana.

April 23, 1998.

---

Robert L. Hackett, Hackett & Associates, New Orleans, LA, for Plaintiffs.

David V. Batt, Lobman, Carnahan, Batt & Angelle, New Orleans, LA, for State Farm Mut Auto. Ins. Co.

Patrick Dominic DeRouen, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for Westbank Container Services, Inc., Dennis M. Williams.

James Stephen Thompson, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for Mississippi Farm Bur. Mut. Ins. Co.

Donna Powe Green, Robin E. Blackledge Blair, Bryant, Clark, Dues, Blakeslee, Ramsay & Hammond, Hattiesburg, MS, for National Union Fire Ins. Co. of Pittsburgh, PA.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is plaintiff's motion to reconsider motion for summary judgment. This case arises out of an October 6, 1994 automobile accident in Metairie, Louisiana. At the time of the accident, plaintiff was in the course and scope of his employment for Auction Transport, a subsidiary of ADT Holdings ("ADT"). All demands in this case have settled, except plaintiff's claim for uninsured motorist ("UM") benefits under ADT's automobile policy with National Union Fire Insurance Company of Pittsburgh ("National Union"). On March 13, 1998, the Court granted National Union's motion for summary judgment based on an employee's exclusive remedy in workers compensation. LSA–R.S. 23:1032. Plaintiff filed the motion for reconsideration that is presently before the Court. For the following reasons, plaintiff's motion for reconsideration is **GRANTED.**

### I. Motion for summary judgment

National Union sought summary judgment dismissing plaintiff's claims for UM benefits on two grounds. First, National Union asserted that the plaintiff's claim is barred by the exclusive remedy provisions of Louisiana's Workers Compensation Act. Second, ADT executed a written endorsement before the accident which deleted UM coverage from the policy effective from the date of the endorsement. The Court granted summary judgment based upon National Union's first argument that the plaintiff's remedy lay exclusively in Louisiana's workers compensation scheme. LSA–R.S. 23:1032. The Court now revisits this matter and reanalyzes each ground.

#### a. Whether an employer's uninsured motorist insurance carrier is a third person legally liable to pay employee damages resulting from a work-related automobile accident

In support of its first ground, National Union points out that the exclusivity defense of the employer is available to the employer's insurer in a direct action suit. *Braud v. Dixie Mach. Welding & Metal Work, Inc.,* 423 So.2d 1243, 1245–46 (La.Ct. App. 5th Cir.1982), *writ denied,* 430 So.2d 77 (La.1983). Thus, National Union argues that an employee who received workers compensation benefits is barred from making tort claims against his employer's UM carrier. *See Fox v. Commercial Union Ins. Co.,* 413 So.2d 679, 681 (La.Ct.App. 3d Cir.1982) (employee may not recover twice).

In this rehearing the plaintiff cites for the first time the Louisiana Supreme Court's decision in *Travelers Ins. Co. v. Joseph,* 656 So.2d 1000 (La.1995) which defines a UM carrier as a third person legally liable to pay damages resulting from a work-related automobile accident. National Union suggests the *Travelers* holding only allows the employer to seek reimbursement for compensation paid to the employee and has no impact on the employee's rights against the UM carrier. This argument rings hollow because the basis for the ruling in *Travelers* is the recognition of the UM carrier as a third person subject to tort liability. *See also Johnson v.*

*Fireman's Fund Ins. Co.*, 425 So.2d 224 (La. 1982). Accordingly, pursuant to the Louisiana Supreme Court's decision in *Travelers*, the plaintiff may proceed in tort against the employer's UM carrier in spite of the exclusive remedy provisions of the Louisiana workers compensation statute. *See id.; see also* LSA–R.S. 23:1032.

### b. Whether National Union provided uninsured motorist coverage to plaintiff's employer ADT

■ National Union next argues that even if the UM carrier is a third party there is no coverage because the UM policy was specifically waived. Pursuant to Louisiana revised statute 22:1406(D)(1)(a)(i), UM coverage is not required if the insured rejects UM coverage in writing. The rejection form, however, must be designed by the insurer, provided by the insurer, and signed by the insured or its legal representative. *See* La.Rev.Stat.Ann. 22:1406(D)(1)(a)(i) & (ii). Moreover, the form must also give the insured the opportunity to make a meaningful selection from among the options provided by the statute: 1) UM coverage equal to bodily injury limits in the policy; 2) UM coverage lower than bodily injury limits in the policy; 3) no UM coverage. *See Tugwell v. State Farm Ins. Co.*, 609 So.2d 195, 197 (La.1992).

In this case the UM rejection form was designed and provided by National Union and signed by John A. Gloistein in his capacity as Corporate Director of Risk Management for ADT. In addition, the form expressly provided the option to select no UM coverage or to select UM coverage lower than policy limits but higher than the basic financial responsibility. However, plaintiff argues that the waiver executed by ADT was not valid because the form itself did not expressly list the option of accepting UM coverage equal to the policy limits. *McCoy v. State Farm Mut. Auto. Ins. Co.*, 664 So.2d 572 (La.Ct.App. 3d Cir.1995); *Wilkinson v. Louisiana Indemnity*, 682 So.2d 1296, 1302 (La.Ct.App. 1st Cir.1996), *writ denied*, 695 So.2d 964 (La.1997).

■ National Union, on the other hand, argues that the waiver is valid even though the option to accept UM coverage equal to

the policy limits was not evidenced in the form itself. There is case law to support National Union's position that the option to accept UM coverage need not be included in the form, provided the form reflects an informed decision. *See Gordon v. Southern United Fire Ins. Co.*, 679 So.2d 582, 584 (La.Ct.App. 4thCir.1996), *writ. denied*, 694 So.2d 241 (La.1997); *Nesbitt v. Progressive Ins. Co.*, 697 So.2d 672, 674 (La.Ct.App.2d Cir.1997). This requirement is met, for example, where the insured rejects UM coverage that was offered. *See McCurtis v. Free*, 673 So.2d 701, 703 (La.Ct.App. 1st Cir.1996). As National Union points out, "the only matter of legal consequence is that the insured made an informed decision." *Gordon*, 679 So.2d at 585. "Any reasonable manner of execution of that informed decision should be acceptable as the statute mandates no form other than the rejection of UM coverage be in writing." *Id.*

The Nation Union insurance policy as originally issued on January 1, 1994 provided for UM coverage equal to the "statutory limits." Thus, National Union argues, by offering the insured the option of deleting UM coverage "afforded in the policy," it incorporated the statutory option of accepting UM coverage equal to the policy limits. *See, e.g., Lefeaux v. Taylor*, 700 So.2d 1027 (La.Ct.App. 4th Cir. 1997) (where UM coverage already in policy will remain in effect if policy is not changed, no reason exists to inform insured of option to accept UM coverage). Accordingly, it is National Union's position that the waiver is valid. The Court agrees with National Union's position on this point.

■ Plaintiff next argues that the waiver is not valid because it is not dated. *See Cangelosi v. Allstate Ins. Co.*, 680 So.2d 1358, 1360 (La.Ct.App. 1st Cir.1996). In *Cangelosi*, the Court stated that "[t]o effect a valid rejection of UM coverage, the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer." *Id.* "A less precise writing is insufficient." *Id.* Since the form is undated it is impossible to determine from the face of the waiver the effective date

of UM rejection. The plaintiff claims that this renders the waiver invalid.

■ National Union, however, argues the missing date does not invalidate the waiver because a waiver form becomes "effective once the insurer receives the proper waiver form which conforms with the statutory requirements of LSA–R.S. 22:1406(D)(1)(a)." *Dibos v. Bill Watson Ford,* 622 So.2d 677, 682 (La.Ct.App. 3d Cir.1993). Section 22:1406 does not require that waiver forms be dated. National Union points out that Louisiana law allows extrinsic evidence to prove the date on which a UM coverage rejection form was executed. *Tijerina v. Stawecki,* 670 So.2d 792 (La.Ct.App. 3d Cir. 1996). This is correct. Nevertheless, extrinsic evidence may only be used to determine the intent of the parties to a contract when the intent is not clear from the document. Once the intent of the parties is placed at issue, a question of fact emerges.

A motion for summary judgment is properly granted only if "there is no genuine issue of material fact, and mover is entitled to judgment as a matter of law." LSA–C.C.P. Art. 966(B). The question whether ADT executed a proper waiver of UM insurance is a question of fact which should be submitted to a jury for resolution. Thus, summary judgment is not warranted in this case. Accordingly, **IT IS ORDERED** that the Court's March 12, 1998 ruling is withdrawn, defendant's motion for summary judgment is **DENIED,** plaintiff's motion for reconsideration of motion for summary judgment is **HEREBY GRANTED** and the case is reopened on the Court's docket.

### ORDER AND REASONS

Before the Court is defendant National Union Fire Insurance Company of Pittsburgh's motions to reconsider and bifurcate, as well as a petition for interlocutory appeal. For the following reasons, defendant's motions and petition are DENIED.

### I. BACKGROUND

This case arises out of an October 6, 1994 automobile accident in Metairie, Louisiana. At the time of the accident, plaintiff was in the course and scope of his employment for Auction Transport, a subsidiary of ADT Holdings ("ADT"). All demands in this case have settled, except plaintiff's claim for uninsured motorist ("ADT"). All demands in this case have settled, except plaintiff's claim for uninsured motorist ("UM") benefits under ADT's automobile policy with National Union Fire Insurance Company of Pittsburgh ("National Union"). On March 13, 1998, the Court granted National Union's motion for summary judgment based on an employee's exclusive remedy in workers compensation. LSA–R.S. 23:1032. On April 23, 1998, plaintiff's motion for reconsideration was granted, thereby reversing the Court's earlier decision granting National Union's motion for summary judgment. This decision was based on the Louisiana Supreme Court's decision in *Travelers Insurance Company v. Joseph,* 656 So.2d 1000 (La.1995), which defines a UM carrier as a third person legally liable for tort damages. Further, the question of waiver was determined to be a question of fact that should be submitted to a jury.

### II. MOTION FOR RECONSIDERATION

■ Here, National Union seeks reconsideration of the Court's ultimate denial of its motion for summary judgment. As in the original motion for summary judgment, National Union seeks dismissal of plaintiff's claims for UM benefits based on two claims; first, that a UM carrier is not a third party liable for tort damages, and second, the UM coverage was waived prior to the accident. Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. International Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989), citing *Keene Corp. v. Int'l. Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982). For the reasons set out in the April 23, 1998 Order and Reasons and summarized above, National Union is not entitled to summary judgment and the motion for reconsideration must be denied.

### III. MOTION TO BIFURCATE

■ National Union also requests bifurcation of the issues of liability and damages

based on judicial economy. Plaintiff counters, and the court agrees, that judicial economy is not served by fracturing the case and trying issues separately. The district court has sole discretion to determine a motion to bifurcate, a decision which will stand absent abuse of discretion. *First Texas Savings Assn. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir.1992). Because judicial economy is best served by litigating this matter normally, National Union's motion to bifurcate is denied.

## IV. MOTION FOR INTERLOCUTORY APPEAL

▮▮▮▮ Defendants request, in the alternative, that the issue of uninsured motorists coverage be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Interlocutory appeals are appropriate only where an issue "involves a controlling issue of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiff responds that judicial economy is not served by piecemeal interlocutory appeals and that this case is best tried by means of normal procedures and that appeal of this order may delay termination of the litigation. The Court agrees. Furthermore, the appeals process may take one year or more to conclude. As set out in Section IV above, because there is nothing outstanding or unusual about this case, it should proceed normally. Therefore, the defendant's petition for interlocutory appeal is denied.

## V. CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motions for reconsideration and bifurcation, as well as the request for certification for interlocutory appeal are HEREBY DENIED.