LCOOKS, J.
Dissenting.
I respectfully dissent from the majority decision, and would reverse the trial court’s grant of summary judgment.
Confronting whether a workers’ compensation insurer can recover reimbursement of compensation benefits from an uninsured/underinsured motorist carrier in light of its prior holding in Johnson v. Fireman’s Fund Ins. Co., 426 So.2d 224 (La.1982), and the 1989 amendment to La. R.S. 23:1101, the Louisiana Supreme Court in Travelers, 656 So.2d 1000, held an employer’s UM insurer is a “third person” legally liable to pay an employee damages arising from a work-related accident. Further, in Travelers the court held an employer’s compensation insurer can recover compensation reimbursement from a UM insurer as a “third person” obligated to repair the harm done to the injured employee. Discussing the effect of the 1989 amendments, the court in Travelers, 656 So.2d at 1005, said:
The 1989 amendment to LSA R.S. 23:1101 expands the definition of “third persons” from whom compensation insurers can recover reimbursement. A compensation insurer’s right to seek reimbursement of compensation benefits from third persons legally liable to pay damages includes UM insurers (as well as those tortfeasors whose negligent conduct aggravates a work injury for which a compensation insurer is obligated to pay benefits).
Salient to our determination is the supreme court’s reaffirmation in Travelers that strong public policy supports full recovery for innocent automobile accident victims. This policy serves as the impetus for UM coverage which provides recovery for those ^injured through no fault of their own.
The majority states although it feels “sympathetic” towards Sunda’s predicament, it feels “compelled to apply the law of the Third Circuit as we believe it stands *557 at this time.” I have thoroughly examined the applicable law and jurisprudence in this matter, including our decisions in Mayfield and Carlisle. However, the supreme court’s later pronouncement in Travelers, convinces me the trial court erred in granting summary judgment on this issue. That decision effectively overruled the prior law USAA relies upon. UM carriers are “third persons” subject to tort liability.
In Westbrook v. State Farm Mut. Auto. Ins. Co., 5 F.Supp.2d 415 (E.D.La.1998), the federal district court found the Travelers holding recognized the right of an employee to proceed in tort against a UM carrier in spite of the exclusive remedy provisions of the Louisiana workers’ compensation statute. In Westbrook, the plaintiff was injured in an automobile accident while engaged in the course and scope of her employment. All demands in the case settled, except the plaintiffs claim for UM benefits provided by her employer’s automobile insurance policy with National Union Fire Insurance Company. The court granted a motion for summary judgment based on the employee’s exclusive remedy provision of the Workers’ Compensation Act. Plaintiff filed a motion for reconsideration. The district court found as follows:
In support of its first ground, National Union points out that the exclusivity defense of the employer is available to the employer’s insurer in a direct action suit. Braud v. Dixie Mach. Welding & Metal Work, Inc., 423 So.2d 1243, 1245-46 (La.Ct.App. 5th Cir.1982), unit denied, 430 So.2d 77 (La.1983). Thus, National Union argues that an employee who received workers compensation benefits is barred from making tort claims against his employer’s UM carrier. See Fox v. Commercial Union Ins. Co., 413 So.2d 679, 681 (La.Ct.App. 3d Cir.1982) (employee may not recover twice).
In this rehearing the plaintiff cites for the first time the Louisiana Supreme Court’s decision in Travelers Ins. Co. v. Joseph, 656 So.2d 1000 (La.1995) which defines a UM carrier as a third person legally liable to pay damages resulting from a work-related automobile accident. National Union suggests the Travelers holding only allows the 13employer to seek reimbursement for compensation paid to the employee and has no impact on the employee’s rights against the UM carrier. This argument rings hollow because the basis for the ruling in Travelers is the recognition of the UM carrier as a third person subject to tort liability. See also Johnson v. Fireman’s Fund Ins. Co., 425 So.2d 224 (La.1982). Accordingly, pursuant to the Louisiana Supreme Court’s decision in Travelers, the plaintiff may proceed in tort against his employer’s UM carrier in spite of the exclusive remedy provisions of the Louisiana workers compensation statute. See id.; see also LSA R.S. 23:1032.
Westbrook, 5 F.Supp.2d at 418 (emphasis ours).
Insurers may contractually limit their exposure by excluding from UM coverage employment related injuries. However, no such exclusion exists in USAA’s policy.
For the foregoing reasons, I dissent from the majority opinion. I would reverse the grant of summary judgment and remand the matter for further proceedings.