hBROWN, C.J.
The trial court granted summary judgment in favor of defendant, Economy Fire and Casualty Company, finding that plaintiffs, Joseph and Jennie Ryan, had rejected uninsured/underinsured coverage. Finding no error, we affirm.

Facts

On December 3, 1997, plaintiff, Joseph Ryan, purchased an automobile insurance policy from Economy Fire and Casualty Company. The policy listed Ryan as the -sole driver of a 1994 Chevrolet pickup truck, a 1986 Ford pickup truck, and a 1997 Ford pickup truck. At this time, Ryan executed an uninsured motorist “(UM)” rejection form, as required by La. R.S. 22:680(l)(a)(i).
In 1998, Ryan deleted coverage on the two Ford pickup trucks and added a newer model Ford truck. Also in 1998, Ryan married Jennie Tidwell Ryan. He added his wife and her 1997 Chevrolet Lumina to the policy. In March of 1999, they both signed a new UM rejection form.
On October 3, 2001, Ryan allegedly informed his agent that he wished to delete the 1997 Chevrolet Lumina and add a 1999 Cadillac DeVille to the policy. A few days later, on October 11, Joseph Ryan sustained serious injuries when he was involved in an accident while driving the 1994 Chevrolet pickup. On October 18, 2001, Ryan’s insurance agent faxed to Economy a request to delete the 1997 Chevrolet Lumina and add the 1999 Cadillac DeVille. On October 26, 2001, Economy, because of a change in their policy numbering format, issued a new number for Ryan’s policy.
12Joseph Ryan suffered severe and debilitating injuries as a result of the accident. *1283 The driver of the other vehicle admitted his sole fault and his insurer deposited its policy limits, $100,000, together with legal interest, into the registry of the court.[1] Ryan brought suit against Economy alleging that the addition of the new vehicle, the Cadillac, created a new policy, as evidenced by the issuance of a new policy number, and thus, the execution of a new UM rejection form was required. Economy filed a motion for summary judgment, arguing that the Cadillac was placed on the policy by way of a substitution, and further, that the effective date of the policy was not until October 18, 2001, seven days after the accident. Thus, an additional UM rejection form was not required and even if it was, the policy was not effective until seven days after the accident.
After considering the arguments of both parties, the trial court found that there was no change in the limits of liability; there was no new policy, and the previously executed UM rejection was sufficient. The trial court granted Economy’s motion for summary judgment. It is from this judgment that the Ryans have appealed.

Discussion

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La.01/21/04), 864 So.2d 129; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). The summary judgment procedure is |3designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law. La. C.C.P. art. 966(A)(2); Costello, supra.
The State of Louisiana statutorily requires uninsured motorist coverage in an amount no less than the limits of bodily injury liability provided by the policy. (Ryan’s policy provided 100,000/300,000 limits). However, an insured named in the policy may reject or reduce this coverage by validly executing a UM rejection form. In the event of a renewal, reinstatement, or substitute policy when the named insured has already validly rejected or reduced UM coverage, a new rejection form is not necessary. La. R.S. 22:680(l)(a)(i).
The substitution of one vehicle for another on a policy does not constitute a new policy, but rather a substitute policy. Barnickel v. Myles, 98-2613 (La.App. 1st Cir.12/28/99), 757 So.2d 29; Allen v. State Farm Mutual Automobile Insurance Co., 617 So.2d 1308 (La.App. 3rd Cir.1993). As such, the execution of a new UM rejection form is not required. La. R.S. 22:680(1)(a)(1). This is exactly the situation in this case. Ryan simply deleted his wife’s Lumina and added the Cadillac they purchased. |4PIaintiffs’ argument that “the addition of a much more expensive vehicle in place of the Lumina clearly contemplates expansion of coverage which requires another UM rejection form” is in error.

Conclusion

For the foregoing reasons, the trial court’s judgment granting Economy’s motion for summary judgment is affirmed. *1284 Costs are assessed to plaintiffs-appellants, Joseph and Jennie Ryan.

. Ryan's employer, J.B. Plants, Inc., and LSU Health Science Center, one of his medical providers, have made claims to these proceeds.