THIRD DIVISION
June 30, 2008

No. 1-07-2937

| | | |
|---|---|---|
| CAROLE J. CHATLAS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | Honorable |
| | ) | Dorothy Kirie Kinnaird, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Plaintiff filed a declaratory judgment action against defendant, seeking a declaration that plaintiff was entitled to underinsured motorist (UIM) insurance coverage in the same amount as her bodily injury liability limits of $250,000. Plaintiff's claim was based on defendant's alleged failure to comply with the provisions of section 143a-2 of the Illinois Insurance Code (Code) (215 ILCS 5/143a-2 (West 1994)), which require insurers to offer uninsured/underinsured motorist coverage up to the limits of bodily injury liability in a policy. Defendant maintained that it fully complied with the provisions of the Code because plaintiff rejected offers of increased UIM coverage and plaintiff's policy at issue was a renewal policy, which did not require defendant to send a new offer of UIM coverage. Cross-motions for summary judgment

were filed by the parties. The circuit court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment.

On appeal, plaintiff contends that the circuit court erred by determining that her insurance policy was a renewal of a previous policy which did not require that defendant offer increased UIM coverage. Plaintiff argues that she is entitled to reformation of her insurance policy to provide UIM coverage equal to the bodily injury liability limits of her policy. For the following reasons, we affirm.

The facts of this case are not disputed. Beginning in 1980, plaintiff maintained an automobile insurance policy with defendant and plaintiff received an insurance renewal form for her policy every six months. On March 4, 2002, plaintiff maintained such insurance with defendant under policy number 0 22 519878. While the policy was in effect, defendant made four offers to increase plaintiff's UIM limits to equal plaintiff's bodily injury limits. Defendant made such offers in September 1983, March 1990, September 1990, and March 1991. Plaintiff rejected defendant's offers of increased UIM coverage.

On March 4, 2002, plaintiff contacted defendant, through her Allstate agent, and advised defendant that she wished to cancel her insurance policy. On March 6, 2002, plaintiff contacted defendant and advised defendant that she wished to be insured by defendant again. On March 6, 2002, defendant issued plaintiff insurance under policy number 9 02 399393. Pursuant to the terms of plaintiff's insurance policy, plaintiff had a bodily injury liability limit of $250,000 per person and UIM limits of $20,000 per person. When plaintiff received policy number 9 02 399393, plaintiff was not required to complete a new application and plaintiff received the same

premiums as her cancelled policy based on the fact that she was a longtime Allstate policyholder. Plaintiff's policy under number 9 02 399393 also contained the same coverage limits, vehicles, and rating as the cancelled policy. Plaintiff's policy under number 9 02 399393 continued through to the six-month expiration date of the cancelled renewal policy (i.e. April 18, 2002), and did not commence a new six-month period. Plaintiff was not provided any forms or documents by defendant to allow her to increase her UIM limits or documents to waive her right to increase her UIM limits.

Plaintiff was involved in an automobile accident on April 15, 2003. As a result of her injuries, plaintiff incurred $13,527.85 in medical bills. Plaintiff filed a personal injury lawsuit against Felicia Foster. On December 19, 2005, plaintiff settled the underlying lawsuit against Foster for her policy limit of $20,000. Following the settlement, plaintiff submitted a UIM claim under her insurance policy with defendant. Defendant denied UIM benefit coverage under plaintiff's insurance policy. Defendant maintained that plaintiff only had UIM coverage with limits of $20,000, and plaintiff was not entitled to any recovery because defendant claimed a right to a setoff in the amount of the underlying settlement of $20,000. Defendant's denial of additional UIM coverage was premised on defendant's position that policy number 9 02 399393 was in fact the reinstatement of a prior policy that just happened to have a different policy number.

On May 10, 2006, plaintiff filed the present declaratory judgment action against defendant, seeking a declaration that she was entitled to UIM coverage in the same amount as her bodily injury liability limits of $250,000, where defendant failed to offer increased UIM coverage

when plaintiff received policy number 9 02 399393. Both parties filed motions for summary judgment. Following arguments on the parties' motions, the circuit court found that this case involved the reinstatement of an existing policy rather than a new policy, and that defendant, therefore, did not have an obligation to contact plaintiff about rejecting additional UIM coverage in the same amount as plaintiff's bodily injury limits. On September 12, 2007, the circuit court entered an order granting defendant's motion for summary judgment. Plaintiff filed a motion for clarification because the circuit court's order did not make any reference to plaintiff's motion for summary judgment. On October 18, 2007, the circuit court granted plaintiff's motion for clarification, specifically finding that defendant's motion for summary judgment was granted and plaintiff's motion for summary judgment was denied.

On appeal, plaintiff contends that the circuit court erred in granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment. Plaintiff argues that her insurance policy, under number 9 02 399393, constituted a new policy rather than a reinstatement. Plaintiff maintains that because defendant never offered her increased UIM coverage under the new policy, as required by section 143a-2 of the Code, plaintiff is entitled to have her policy reformed so that her UIM coverage was in the same amount as her bodily injury liability limits of $250,000. Defendant contends that policy number 9 02 399393 was a renewal policy, which did not require a new UIM coverage offer under section 143a-2 of the Code.

Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2006); American Family Mutual Insurance Co. v.

1-07-2937

Jeris, 376 Ill. App. 3d 1070, 1073 (2007). "Construction of the terms of an insurance policy and satisfaction of statutory requirements are questions of law properly decided on a motion for summary judgment." Librizzi v. State Farm Fire & Casualty Co., 236 Ill. App. 3d 582, 587 (1992). We review *de novo* an order granting summary judgment. American Family Mutual Insurance Co., 376 Ill. App. 3d at 1073.

In Illinois, UIM coverage is governed principally by section 143a-2 of the Code, which provides, in relevant part:

"(1) Additional uninsured motor vehicle coverage. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle designed for use on public highways and required to be registered in this State unless uninsured motorist coverage as required in Section 143a of this Code is included in an amount equal to the insured's bodily injury liability limits unless specifically rejected by the insured. *Each insurance company providing the coverage must provide applicants with a brief description of the coverage and advise them of their right to reject the coverage in excess of the limits set forth in Section 7-203 of the Illinois Vehicle Code.* The provisions of this amendatory Act of 1990 apply to policies of insurance applied for after June 30, 1991.

(2) Right of rejection of additional uninsured motorist coverage. After June 30, 1991, every application for motor vehicle coverage must contain a space for indicating

-5-

the rejection of additional uninsured motorist coverage. No rejection of that coverage may be effective unless the applicant signs or initials the indication of rejection. The applicant may reject additional uninsured motorist coverage in excess of the limits set forth in Section 7-203 of the Illinois Vehicle Code. In those cases, including policies first issued before July 1, 1991, *where the insured has elected to purchase limits of uninsured motorist coverage which are less than bodily injury liability limits or to reject limits in excess of those required by law, the insurer need not provide in any renewal, reinstatement, reissuance, substitute, amended, replacement or supplementary policy, coverage in excess of that elected by the insured in connection with a policy previously issued to such insured by the same insurer* unless the insured subsequently makes a written request for such coverage." 215 ILCS 5/143a-2 (West 1994).[1]

In this case, there is no dispute that plaintiff had been insured by defendant since 1980, and defendant offered plaintiff increased UIM limits on four occasions, in September 1983, March 1990, September 1990, and March 1991, as required by section 143a-2(1). There is also no dispute that plaintiff rejected all four offers. Therefore, from the plain reading of the statute, if plaintiff's policy under number 9 02 399393 constituted a renewal or reinstatement policy, there was no need for defendant to send a new offer of UIM coverage to plaintiff. On the other hand, if plaintiff's policy under number 9 02 399393 was not a renewal or reinstatement, as those terms are used in the statute, then defendant's failure to send a new offer of UIM coverage in

_____

[1] While section 143a-2 was subsequently amended, the parties agree that the amended statute does not apply in this case.

2002 was violative of the statutory requirement of sections 143a-2. Such a violation would require that UIM coverage at the limit of bodily injury liability coverage, which would be $250,000 in this case, is read into the policy by operation of law. Makela v. State Farm Mutual Automobile Insurance Co., 147 Ill. App. 3d 38, 42-43 (1986).

Plaintiff argues that because she received a different policy number and there was a one-day lapse in insurance coverage, policy number 9 02 399393 created a new policy, which required defendant to reoffer increased UIM coverage.

This court's decision in Makela is instructive on the question of when policy changes create a new policy. In Makela, this court noted that a majority of jurisdictions which have dealt with the question do not find a new policy created when a party replaces a vehicle covered under an existing policy with a new vehicle. See Makela, 147 Ill. App. 3d at 42-46, citing Metropolitan Property & Liability Insurance Co. v. Gray, 446 So. 2d 216 (Fla. App. 1984), El-Habr v. Mountain States Mutual Casualty Co., 626 S.W.2d 171 (Tex. App. 1981), Myers v. Thibeaux, 365 So. 2d 266 (La. App. 1978), and Hicks v. State Farm Mutual Automobile Insurance Co., 568 P.2d 629 (Okla. 1977). In Makela, this court held that, under the Illinois UIM statute, the addition of a new car to an existing policy is no more than a renewal of, or an action supplementary to, the original policy. Makela, 147 Ill. App. 3d at 49-50. This court found that in other jurisdictions with similar statutes, such as Florida, Texas, Oklahoma, Louisiana, and possibly Tennessee and Minnesota, no new UIM offer is required when changes are made to an existing policy for which an adequate offer of UIM coverage had earlier been made. Makela, 147 Ill. App. 3d at 45-46. In Makela, this court cited Kerr v. State Farm Mutual Automobile

1-07-2937

Insurance Co., 434 So. 2d 970 (Fla. App. 1983), for its discussion of the materiality standard for changes in policies that in effect create new policies. In Kerr, the Florida court held that the actions of the insurer in substituting a wife's name for that of her deceased spouse as the named insured on an existing automobile policy providing the same coverage levels on the same vehicle did not amount to such a material variation in the policy as to require the insurer to reoffer UIM coverage under the Florida statute. Kerr, 434 So. 2d at 972.

In this case, we find that the facts support a finding that plaintiff's policy number 9 02 399393 was no more than a renewal or reinstatement of her original policy. A "renewal" is "[t]he substitution of a new right or obligation for another of the same nature" (Black's Law Dictionary 1165 (5th ed. 1979)), and a "reinstatement" is "a restoration of the insured's rights under a policy which has lapsed or been cancelled" (Black's Law Dictionary 1157 (5th ed. 1979)). Burnett v. Safeco Insurance Co., 227 Ill. App. 3d 167, 173 (1992). When plaintiff contacted defendant a day after she cancelled her original policy, plaintiff received the benefit of the same premiums as the original policy, based on the fact that she was a longtime Allstate policyholder. In addition, policy number 9 02 399393 continued through to the six-month expiration date of plaintiff's previous policy, rather than commencing a new six-month period. Further, plaintiff was not required to complete an application for a new insurance policy, and policy number 9 02 399393 contained the same coverage limits, vehicles, and rating as the cancelled policy. The only difference in the policies was the change in policy number. We therefore conclude that policy number 9 02 399393 constituted a replacement or reinstatement of the original policy with the same terms, rather than a new policy.

1-07-2937

We note that cases from other jurisdictions support our conclusion that a change in policy number is insufficient to create a new policy. See Berry v. Texas Farm Bureau Mutual Insurance Co., 782 S.W.2d 246, 249 (Tex. App. 1989) (insureds' rejection of uninsured motorist coverage under initial policy applied to renewal policies, which had different policy numbers than the initial policy); Johnson v. Farmers Insurance Co. of Washington, 117 Wash. 2d 558, 574, 817 P.2d 841, 849 (1991) (change in policy number, and name of insured and address did not create a new policy for purposes of requiring a new UIM offer of coverage); McCurtis v. Free; 673 So. 2d 701, 703 (La. App. 1996) (assignment of a new number to the policy, in which all else remains the same, does not result in the issuance of a new policy).

In addition, we find that the one-day lapse in insurance coverage was not sufficient to create a new policy in this case. In McCurtis, 673 So. 2d at 703, the Louisiana Court of Appeals found that a two-day lapse in insurance coverage did not require a new offer of increased UIM coverage, where the coverage afforded the insured after the lapse was identical to the coverage offered the insured before the lapse in insurance occurred. The court noted that the only difference in the two policies was the policy number. Also, in Hoskins v. State Farm Mutual Automobile Insurance Co., Ohio St. 3d 87, 88-89, 497 N.E.2d 87, 87-88 (1986), the Supreme Court of Ohio determined that a lapse of insurance coverage of one month and one day did not create a new policy for purposes of reoffering UIM coverage upon reinstating the insured's policy. The court noted that, while the insured's coverage was reinstated under a different number, the insured was not required to submit a new application for coverage and the insured received coverage with the same limits. Similarly, in this case, despite the one-day lapse in

insurance coverage, plaintiff was not required to submit a new application and the coverage afforded to plaintiff was identical to the coverage she enjoyed prior to the lapse occurring.

Plaintiff, nonetheless, relies on this court's determination in Nila v. Hartford Insurance Co., 312 Ill. App. 3d 811. 820 (2000), in support of her claim that the one-day lapse in coverage and new policy number required defendant to reoffer increased UIM coverage. In Nila, this court found that a wife who survived her husband was not bound by his rejection of higher uninsured motorist coverage. In reaching that decision, this court noted that the wife had been substituted on the policy as the sole insured and became solely responsible for the policy decisions, the insured vehicle had been changed, and the term at issue was beyond the husband's last policy renewal. Nila, 312 Ill. App. 3d at 820. Unlike the wife in Nila, plaintiff was not substituted as a named insured, a new vehicle was not added, and the term of coverage continued to the end of the six-month period of the previous policy renewal. Here, plaintiff was the sole insured on the policy both before and after the lapse in coverage, and plaintiff continued to enjoy the same coverage as she did prior to the one-day lapse in coverage. The Code does not require that a rejection of the higher UIM limits be submitted each time a policy is renewed. Isaacson v. Country Mutual Insurance Co., 328 Ill. App. 3d 982, 987 (2002). Therefore, we find that the renewal or reinstatement of plaintiff's policy did not require a new offer of UIM coverage from defendant. Since no violation occurred under section 143a-2 of the Code, plaintiff was not entitled to have her insurance policy reformed to provide UIM benefits in the same amount as her bodily injury liability limits of $250,000.

1-07-2937

For the above reasons, we affirm the decision of the circuit court granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment.

Affirmed.

GREIMAN and CUNNINGHAM, JJ., concur.