DREW, J.
|tAt issue in this appeal is whether a new automobile insurance policy was created when: (1) the insured sought coverage for a replacement vehicle five months after the covered vehicle stopped working; (2) the insured had told her insurance agent that she no longer needed coverage; and (3) the insured had stopped paying premiums until she obtained the replacement vehicle.
Because we conclude that a new policy was created, which required the execution of a new rejection of uninsured/under insured motorist (“UM”) coverage, we reverse the grant of summary judgment.
FACTS
Sonya Rodgers was injured on July 31, 2012, when the Pontiac Sunfire that she was driving was involved in an automobile accident in Ouachita Parish. The insurer of the other driver involved in the accident tendered payment to its policy limits. At the time of the accident, Rodgers and her vehicle were insured by State Farm.
Rodgers filed suit against State Farm alleging that it provided UM coverage for the injuries she sustained in the accident. State Farm filed a motion for summary judgment in which it argued that UM coverage was not provided because Rodgers had rejected such coverage on April 30, 2010.
Rodgers contended in opposition to the motion that there was a genuine issue of material fact as to whether there was UM coverage at the time of the accident. She averred that after the original vehicle covered under her State Farm policy became inoperable, she turned in its license plate to the Department of Motor Vehicles, alerted her State Farm agent that 12she no longer needed coverage because the vehicle was broken down beyond repair and she did not know when she could afford a replacement vehicle, and stopped paying premiums to State Farm. Rodgers argued that she considered the policy canceled after she took those steps. She further argued that after acquiring the Pontiac Sunfire, she contacted her State Farm agent and negotiated a. new policy, which had a different number of 192 4037-D30-18A,[1] and she believed that she had UM coverage because State Farm never asked her to execute a new rejection of UM coverage. The policy in effect at the time of the accident was for a period of July 20, 2012, to October 30, 2012.
La. R.S. 22:1295, the UM statute, states in section (l)(a)(i):
Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy when the named insured has rejected the coverage ... in connection with a policy previously issued to him by the same insurer or any of its affiliates.
It further states in section (l)(a)(ii):
The form signed by the insured or his legal representative which initially rejects coverage ... shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued *510 to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do' not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of | ^insurance which an insured enters into through the completion of an application on the form required by the insurer.
The trial court granted summary judgment. In its reasons for judgment, the court correctly noted that-a new UM rejection is not needed for renewed, amended, substituted or reinstated policies.[2] The trial court concluded that State Farm met its initial burden on the motion and summary judgment was appropriate because:
• it was undisputed that the UM rejection was valid;
• the dispute was whether State Farm was required to present a new UM form to Rodgers for execution;
• Rodgers failed to produce factual support sufficient to satisfy her evidentiary burden of proof at trial as she did not present factual proof of a new policy in opposition to the motion; and
• Rodgers submitted no evidence in support of her allegations that her vehicle became broken down beyond repair, or that she canceled the policy, later found a new vehicle, and then sought a new policy.[3]
DISCUSSION
A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880.
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the |4affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
The trial court correctly noted that Rodgers failed to submit evidence in support of her allegations when opposing the motion for summary judgment. The only ' documents attached to her memorandum in opposition to summary judgment were a confirmation of coverage from State Farm and the UM rejection form from April of 2010.
Nevertheless, the relevant facts of this matter are not at issue. Counsel for State Farm referred to Rodgers’ factual allegations when arguing the motion before the trial court. More importantly, at oral argument before this court, counsel for State Farm acknowledged that while the facts stated by Rodgers’ counsel were not in the *511 record, he did not dispute them. Those facts were that:
• Rodgers said she had coverage on a different vehicle;
• that vehicle stopped working;
• she told her agent that she did not need coverage for an inoperable car;
• she quit paying her premiums;
• she turned her license plate in to DMV; and
• after she obtained another vehicle, she contacted her agent to request coverage.
State Farm contends that summary judgment was properly granted because the coverage at issue was a reinstatement of the same coverage on |Rthe earlier vehicle, so no new UM coverage form was required. In support of its argument, State Farm cites McCurtis v. Free, 95-2189 (La.App. 1st Cir.5/10/96), 673 So.2d 701, and J.B. Plants, Inc. v. Gillespie, 39,107 (La.App.2d Cir.12/15/04), 889 So.2d 1281. Both cases are easily distinguished.
In McCurtis, there was a lapse in coverage of two days when the insured failed to pay the premium. When coverage resumed, a new number was assigned to the policy. The court in McCurtis rejected the argument that this was a new policy requiring a new waiver of UM coverage. The court concluded that it was a reinstatement of the policy, and not a new policy, because the coverage given after the lapse was identical to the coverage prior to the lapse, and the only difference was a new policy number. In contrast, the matter before us is not an instance of coverage being reinstated on the same vehicle after a brief interval without insurance. Not only was there a significantly longer absence of coverage[4] in this matter, but Rodgers allegedly told her agent that she no longer needed coverage because her vehicle did not work. Furthermore, Rodgers allegedly did not seek insurance again until after she had obtained a new vehicle.
In J.B. Plants, the insured claimed that he was entitled to UM coverage despite having executed a UM waiver earlier on the grounds that the deletion of one vehicle and the addition of another vehicle, followed by the issuance of a different policy number, created a new policy. This court |f,rejected his argument, concluding that a new UM rejection was unnecessary because the substitution of one vehicle for another was a substitute policy instead of a new policy. There was apparently no lapse in coverage between the substitution of vehicles. As noted earlier, there was an extended interval between when Rodgers told her agent that she no longer needed coverage on the original vehicle and stopped paying premiums, and when she contacted the agent about obtaining coverage on the Sunfire.
CONCLUSION
Under the circumstances, we conclude that the policy was a new policy requiring State Farm to have Rodgers execute a new UM form rejecting UM coverage. Therefore, summary judgment was inappropriate as a matter of law.
At State Farm’s cost, the judgment is REVERSED and. the matter REMANDED for further proceedings.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW and PITMAN, JJ.
Rehearing denied.

. The UM rejection form stated it was for policy/binder number 18-1952-W32, which is the number of the previous policy.

. The court acknowledged that neither a renewal nor an amended policy was at issue in this matter.

. In both their written and oral arguments, the parties referred to many facts that were not actually introduced into evidence.

. In its reasons for judgment, the trial court noted that both parties agreed that there was a lapse of five months with no insurance in effect.