PER CURIAM.
hThe default rule for underinsured/unin-sured motorist (UM) coverage is that an insurance policy must provide UM coverage. See La. R.S. 22:1295(l)(a)(i). An insurer is entitled to a presumption that the default rule has been waived, as described in La. R.S. 22:1295(l)(a)(ii) (“A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.”). However, the “form” for which the presumption described in subsection (l)(a)(ii) of La. R.S. 22:1295 arises, must refer to the “policy” described in the preceding subsection (l)(a)(i). See La. R.S. 24:177(A) (directing that the meaning of a statute is to be first ascertained by applying La. C.C. art. 9, et seq.); see also La. C.C. art. 13 (“Laws on the same subject matter must be interpreted in reference to each other.”).
Here, it is undisputed that a waiver form referred to a previous policy number, not to the number corresponding to the policy in force at the time of the accident. There are several scenarios described in La. R.S. 22:1295(l)(a)(ii) in which a new waiver form need not be executed. However, writ applicant State Farm did not supply any evidence in connection with its motion for summary judgment from which it can be determined that one of those scenarios applies, namely that “a renewal, ^reinstatement, substitute, or amended *376 policy [was] issued.” La. R.S. 22:1295(1)(a)(ii). Thus, a plain reading of La. R.S. 22:1295(l)(a)(i) and (ii) defeats State Farm’s contention that a presumption of waiver arose from State Farm’s production of a waiver form related to a previous policy number without further evidence from which it could be determined that one of the statutory exceptions to obtaining a new waiver applied.
In the absence of a presumed waiver of coverage, the general rules of coverage applied. One general and well-established rule is that an “insurer bears thé burden of proving that a loss falls within a policy exclusion.” Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 6 (La.5/22/07), 958 So.2d 634, 639, citing Blackburn v. National Union Fire Ins. Co., 00-2668 (La.4/3/01), 784 So.2d 637, 641. State Farm fails to justify summary dismissal of plaintiffs claim because the only evidence that would exclude coverage is a UM waiver form executed in conjunction with a different policy number. That is not to say State Farm cannot prove an exclusion, i.e., a waiver of coverage, at trial. However, because this court “review[s] a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant,” [1] a reasonable inference is that one possible explanation for the new policy number is that State Farm issued a new policy for which La. R.S. 22:1295(l)(a)(ii) requires a new waiver. Therefore, summary judgment was inappropriate, as the appellate court ruled, albeit for different reasons than those cited by the appellate court.
However, the appellate court also held: “we conclude that the policy was a new policy requiring State Farm to have Rodgers execute a new UM form rejecting UM 13coverage.” Rodgers v. State Farm Mut. Auto. Ins. Co., 49,629, p. 6 (La.App. 2 Cir. 02/26/15), 162 So.3d 508, 511. This ruling would essentially preclude State Farm from later disputing coverage even though State Farm was the only party to file a motion for summary judgment. Thus, the appellate court improperly granted affirmative relief (finding coverage) in favor of plaintiff, who had not herself sought such a declaration of coverage by way of motion for summary judgment.
In conclusion, because there are genuine issues of material fact relating to the waiver form attached to State Farm’s motion for summary judgment, the appellate court properly found that summary judgment in State Farm’s favor was inappropriate. Therefore, the appellate court’s reversal of summary judgment will not be disturbed, and State Farm’s writ application is denied in this respect. However, we grant State Farm’s writ application in part to vacate that portion of the appellate court’s opinion granting plaintiff a declaration of UM coverage, which plaintiff did not seek in the district court. This matter is remanded to the district court for further proceedings consistent with this opinion.
Writ denied in part, granted in part; opinion vacated in part; remanded.

. See Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765.